Michael J. Newton (State Bar No. 156225)
Katherine G. Rubschlager (State Bar No. 328100)
**ALSTON & BIRD LLP**
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:    (650) 838-2000
Facsimile:    (650) 838-2001
mike.newton@alston.com
katerine.rubschlager@alston.com

Yuri Mikulka (State Bar No. 185926)
Caleb J. Bean (State Bar No. 299751)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100
yuri.mikulka@alston.com
caleb.bean@alston.com

*Attorneys for Defendant*
*Corning Optical Communications LLC*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Dali Wireless, Inc.,<br><br>        Plaintiff,<br><br>   v.<br><br>Corning Optical Communications LLC,<br><br>        Defendant. | Case No. 3:20-cv-06469-EMC<br><br>**CORNING OPTICAL COMMUNICATIONS LLC'S NOTICE OF RENEWED MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF NO WILLFUL INFRINGEMENT**<br><br>Date: March 24th, 2022<br>Time: 1:30 PM<br>Courtroom: Courtroom 5 – 17th Floor |

# NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS

**PLEASE TAKE NOTICE** that on March 24, 2022 at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, Defendant Corning Optical Communications LLC ("Corning" or "Defendant") by its attorneys Alston & Bird LLP, will move and hereby does move, pursuant to Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings, dismissing Plaintiff Dali Wireless, Inc's ("Dali" or "Plaintiff") claims for willful infringement, without leave to amend.

Defendant's Renewed Motion for Judgment on the Pleadings is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities filed concurrently herewith, as well as the papers, pleadings, and other documents on file in this action, matters properly subject to judicial notice, and such other and further oral or documentary evidence as may be presented at or before the hearing.

DATED: February 18, 2022

**ALSTON & BIRD LLP**

*/s/ Michael J. Newton*

Michael J. Newton (State Bar No. 185926)
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:    (650) 838-2000
Facsimile:    (650) 838-2000
mike.newton@alston.com

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bayer HealthCare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)......................................................................................3, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................................3

*Brooks v. Dunlop Mfg. Inc.*,
    2011 U.S. Dist. LEXIS 1419422 (N.D. Cal. Dec. 9, 2011).......................................3

*Chavez v. United States*,
    683 F.3d 1102 (9th Cir. 2012) ............................................................................................2

*Dworkin v. Hustler Mag., Inc.*,
    867 F.2d 1188 (9th Cir. 1989) ............................................................................................2

*Finjan, Inc. v. Cisco Sys.*,
    2018 U.S. Dist. LEXIS 239284 (N.D. Cal. Feb. 6, 2018) .........................................4

*Fluidigm Corpo. v. IONpath, Inc.*,
    2020 U.S. Dist. LEXIS 12154 (N.D. Cal. Jan. 24, 2020).......................................5, 6

*Fortinet, Inc. v. Forescout Technologies, Inc.*,
    2020 U.S. Dist. LEXIS 204580 (N.D. Cal. Nov. 2, 2020).........................................3

*Google LLC v. Princeps Interface Techs.*,
    2020 U.S. Dist. LEXIS 52753 (N.D. Cal. Mar. 26, 2020).........................................3

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
    896 F.2d 1542 (9th Cir. 1989) ............................................................................................3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)....................................................................................................3, 4

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
    189 F.3d 971 (9th Cir. 1999) ..............................................................................................3

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    2021 U.S. Dist. LEXIS 194462 (N.D. Cal. Oct. 7, 2021).......................................4, 5

*Sapphire Crossing LLC v. Robinhood Mkts.*,
    2021 U.S. Dist. LEXIS 8256 (D. Del. Jan. 15, 2021)..................................................5

*Software Research, Inc. v. Dynatrace LLC*,
   316 F. Supp. 3d 1112 (N.D. Cal. 2018) ............................................................................... 3

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .............................................................................................. 3

*WiNet Labs LLC v. Apple Inc.*,
   2020 U.S. Dist. LEXIS 12138 (N.D. Cal. Jan. 24, 2020) .................................................... 6

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   2017 U.S. Dist. LEXIS 168269 (N.D. Cal. Oct. 11, 2017) .................................................. 6

**Other Authorities**

Federal Rule of Civil Procedure 11 .................................................................................... 1, 7

Federal Rule of Civil Procedure 12(b) ..................................................................................... 2

Federal Rule of Civil Procedure 12(c) .................................................................................. 1, 2

## I.  INTRODUCTION

On August 19, 2021, the Court granted Defendant Corning Optical Communications LLC's ("Corning") motion for judgment on the pleadings of no willfulness with leave to amend. On September 20, 2021, Dali re-pled willfulness in its Second Amended Complaint ("SAC"). Dali's Second Amended Complaint still falls short. It relies on irrelevant facts, unsupported conjecture, and the precise type of inferential leaps that this Court previously cautioned against. Dali's willfulness allegations fail and should be dismissed without leave to amend.

## II.  SUMMARY OF THE ALLEGED FACTS AND DALI'S WILLFULNESS PLEADING

Dali's First Amended Complaint ("FAC") alleged that from 2010 to 2014, Dali and Corning engaged in discussions in the hopes of forming a strategic partnership and later potential acquisition. (Dkt. 7, FAC ¶¶ 34-36). Dali's FAC also alleged that during these discussions, Corning examined Dali's patent portfolio and technology. (FAC at ¶ 34). For example, Dali alleged that from May through July of 2012, Corning's intellectual property counsel conducted due diligence on Dali and that in in July 2014, Corning conducted acquisition diligence that included studying Dali's patents. (FAC ¶¶ 36-37). Dali alleges that Corning's infringement has been willful because Corning examined Dali's portfolio and technology but did nothing to avoid infringement. (FAC at ¶ 34).

On July 15, 2021, Corning filed a motion for judgment on the pleadings of no willfulness pursuant to Federal Rule of Civil Procedure 12(c) (Corning's "Original Motion"). (Dkt. No. 84). In its Original Motion, Corning argued that Dali failed to plead adequate pre-suit knowledge of the patents-in-suit and that Dali failed to plead egregious conduct by Corning. *Id.* On August 19, 2021, the Court held a hearing on Corning's motion. (Dkt. No. 96). The Court dismissed Dali's willfulness pleading with leave to amend, and cautioned Dali that "[w]hen you allege willful [infringement], it seems to me that it is a heavy allegation." (8/19/21 Hrg. Tr. at 7:1-21). The Court also warned Dali that, in amending its willfulness pleading, "[t]here is going to have to be a fair amount of specificity consistent with Rule 11 to get around the problematic issues that have been raised by the defense." (*Id.* at 17:20-21).

On September 20, 2021, Dali filed its SAC in which it attempted to re-plead willfulness. A marked-up version of Dali's SAC is attached as Exhibit 1, with the newly added language

- 1 -
RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 3:20-CV-06469-EMC

highlighted.[1] (*See* Ex. 1 to Barton Decl.). Dali's new averments can be summarized as follows:

- **Paragraph 34:** an assertion that Dali lacks an adequate remedy at law to prevent future infringement. This averment relates to whether Dali will be entitled to an injunction (it will not) and is irrelevant to an allegation of willfulness.

- **Paragraphs 35-39:** an allegation that Corning "had notice of the patents-in-suit prior to the filing of the an [sic] infringement allegation containing the patents-in-suit" based on *actual notice*. Specifically, Dali alleges that Corning had notice of the '358 patent in late 2016, had notice of the '261 patent on April 8, 2020, and had notice of the '454 patent on April 15, 2020. The Original Complaint in this case was filed in 2019.

- **Paragraphs 40-70:** a series of unconnected and legally irrelevant allegations regarding Dali's various failed business ventures (for example, its disastrous attempt to provide the DFW Airport with a product), Dali's failed patent litigations (its lawsuit against CommScope in which Dali was found by the jury to have willfully infringed five CommScope patents—a judgment recently affirmed by the Federal Circuit), and reiteration of the same irrelevant theory regarding Corning allegedly "monitoring" Dali's patent portfolio that this Court previously described as "quite an inferential leap." (8/19/21 Hrt. Tr. at 4:10-12).

### III.   LEGAL STANDARDS

#### A.   Judgment on the Pleadings

The Federal Rules of Civil Procedure state that "[a]fter the pleadings are closed…a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion follows the same standard as a motion to dismiss under Rule 12(b). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *see also Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of

---

[1] A more traditional "redlined" version is not attached because (a) redlined comparisons of two PDF documents are largely unusable because of pagination differences and (b) only what is new in the SAC is relevant as it is the sufficiency of the contents of the SAC—new and old—that are relevant to the instant motion.

filing."). Under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Brooks v. Dunlop Mfg. Inc.*, 2011 U.S. Dist. LEXIS 1419422, at *10 (N.D. Cal. Dec. 9, 2011). A plaintiff must allege facts that are enough to raise his right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

"In testing the sufficiency of a pleading, the well-plead allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court may generally consider information "contained in materials of which the court may take judicial notice" and documents attached to the complaint. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citation omitted); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law." *Hal Roach Studios,* 896 F.2d at 1550.

### B.   Pleading Willfulness

Since *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016), courts in this District require willful infringement claims to show **both** "knowledge of the . . . [p]atents" and "egregious conduct" in order to survive a motion to dismiss. *See, e.g.*, *Fortinet, Inc. v. Forescout Technologies, Inc.*, 2020 U.S. Dist. LEXIS 204580, *42-45 (N.D. Cal. Nov. 2, 2020); *Google LLC v. Princeps Interface Techs.*, 2020 U.S. Dist. LEXIS 52753, *5-10 (N.D. Cal. Mar. 26, 2020); *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112 (N.D. Cal. 2018). The Federal Circuit recently reinforced this principle, stating unequivocally that "[k]nowledge of the asserted patent and evidence of infringement is necessary, but **not sufficient**, for a finding of willfulness. Rather, **willfulness requires deliberate or intentional infringement**." *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021)[2]. Stated differently, "a claim for enhanced damages for willful infringement is not adequately stated when all that is alleged is knowledge of the patent and direct infringement."

---

[2] All emphasis added unless otherwise noted.

1 *MasterObjects, Inc. v. Amazon.com, Inc.,* 2021 U.S. Dist. LEXIS 194462, *4, (N.D. Cal. Oct. 7, 2021) (citing *Bayer*, 989 F.3d 964 at 987-88; *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1308-10 (Fed. Cir. 2019); and *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017)).

A claim of willfulness must include allegations pled through specific facts. *Finjan, Inc. v. Cisco Sys.*, 2018 U.S. Dist. LEXIS 239284, *13-14 (N.D. Cal. Feb. 6, 2018). As noted by Judge Freeman, "[a] court may not award 'enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*.' *See Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring) (emphasis in original). . . a complaint must contain some allegations which make it plausible that the accused infringer's behavior was egregious and that allegations of knowledge of the patents-in-suit alone are insufficient." *Finjan,* 2018 U.S. Dist. LEXIS 239284 at *15-16.

## IV. DALI PLEADING IS INADEQUATE

### A. Dali Fails to Allege Pre-Suit Knowledge of Two of the Patents-In-Suit

Dali's SAC acknowledges that Corning did not learn of the '261 and '454 patents until months after Dali filed its Complaint on December 30, 2019. *Compare* SAC at ¶¶ 38-39 *with* Dkt. No. 1. The fact that Dali does not allege pre-suit knowledge of the '261 and '454 patents is fatal to its willfulness allegations for these two patents. Dali attempts to sidestep this fatal flaw through the use of clever verbiage: its SAC alleges that "Corning had notice of the patents-in-suit prior to the filing of the an [sic] *infringement allegation* containing the patents-in-suit in two ways." SAC at ¶ 36. The issue is this: the case law makes clear that "pre-suit" knowledge of the patents is what is relevant, but Dali cannot allege pre-*suit* knowledge as evidenced by its averments in paragraphs 38 and 39. The Complaint in this case was filed in 2019, and Corning did not have knowledge of the '261 and '454 patents until 2020. So what Dali does instead is to allege that notice occurred "prior to the filing of the an [sic] *infringement allegation* containing the patents-in-suit." SAC at ¶ 36. This "creative" but ultimately disingenuous argument regarding *pre-suit* knowledge for the '261 and '454 patents should be rejected.[3]

---

[3] Even assuming that Dali is correct that pre-infringement allegation notice is all that is required, it would *at most* constitute notice of the actual patents (not knowledge of infringement) for 22 days for

- 4 -

### B. Dali Fails to Allege Egregious Conduct

The Federal Circuit made it abundantly clear that simple knowledge of the patent is "***not sufficient***…for a finding of willfulness." *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Instead, a party alleging willful infringement must present evidence of "deliberate or intentional infringement." *Id.* In this district, this standard has been described as requiring a complaint to plead facts alleging "knowledge of infringement." *See, e.g., MasterObjects, Inc. v. Amazon.com, Inc.*, 2021 U.S. Dist. LEXIS 194462, *11 (N.D. Cal. Oct. 7, 2021); *see also Fluidigm Corpo. v. IONpath, Inc.,* 2020 U.S. Dist. LEXIS 12154, at *9 (N.D. Cal. Jan. 24, 2020). "Knowledge of infringement does not arise from knowledge of the asserted patent as a matter of course; it must be the subject of discrete, albeit related, allegations." *Id.* Dali's SAC falls woefully short of pleading this element sufficiently.

Paragraphs 71 through 74 of the SAC contain the entirety of Dali's allegations that "Corning's Conduct is Egregious." *See* SAC at ¶ 75 ("As demonstrated by the examples in paragraphs 71-74, Corning's conduct in [sic] deliberate and therefore egregious."). Dali's pleadings are irrelevant and insufficient:

- **Paragraph 71:** Dali's conclusion that Corning's "conduct is egregious because it is [] deliberate" is nothing more than a tautological rephrasing of the legal standard, and not a factual pleading in any sense. Moreover, Dali's apparent assertion that Corning's conduct is egregious because "it harmed the market for Dali's products and Dali's reputation as an [sic] technology leader in the industry" is irrelevant. This allegation—unfounded as it is—is only potentially relevant to whether Dali is entitled to an injunction, not whether Corning's alleged infringement has been willful. Those are different issues. The remainder of Paragraph 71 is a quote of the appropriate legal standard, and not a factual pleading.

---

the '261 patent and 15 days for the '454 patent. Corning submits that this would still fail to constitute meaningful pre-infringement allegation notice that could give rise to a willfulness allegation. *See, e.g., Sapphire Crossing LLC v. Robinhood Mkts*., 2021 U.S. Dist. LEXIS 8256, at *18-19 (D. Del. Jan. 15, 2021) (granting motion to dismiss willfulness allegations where plaintiff provided notice of the patent 15 hours before filing Complaint and describing it "as the most *de minimis* claim of willful infringement in this Court's history").

- 5 -

- **Paragraph 72:** The allegations in Paragraph 72 have nothing to do with willfulness, the asserted patents, or the accused products. In fact, the allegations in Paragraph 72 have nothing to do with this case. Instead, Paragraph 72 contains Dali's lamentations regarding a "yet-to-be released" Corning product that is not accused of infringement in this case. It is entirely unclear what this paragraph has to do with this case at all, much less what possible connection the allegations in this paragraph have to do with alleged willful infringement of the patents-in-suit. This paragraph also contains assertions regarding alleged irreparable harm—an allegation that, again, has nothing to do with willfulness.

- **Paragraph 73:** This paragraph is an allegation that Corning continues to sell the accused SpiderCloud products. This allegation has nothing to do with whether Corning possessed *pre-suit* knowledge of infringement. It is thus irrelevant. But even if it related to pre-suit knowledge, alleging knowledge and continued infringement is insufficient. *See WiNet Labs LLC v. Apple Inc.*, 2020 U.S. Dist. LEXIS 12138, at *13-14 (N.D. Cal. Jan. 24, 2020); *Fluidigm,* 2020 U.S. Dist. LEXIS 12154, at *9; *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 2017 U.S. Dist. LEXIS 168269, at *19 (N.D. Cal. Oct. 11, 2017).

- **Paragraph 74:** This paragraph contains an allegation that a different Corning product that is not accused of infringement in this case infringes different Dali patents. Again, this has nothing to do with knowledge of infringement. Frankly, it has nothing to do with this case at all.

Dali's irrelevant and, in some instances, bewildering allegations fail to satisfy the requisite pleading standard, either individually or collectively. Dali cannot allege any *facts* supporting a conclusion of egregious behavior or "knowledge of infringement," and dismissal is thus appropriate.

### C.  Dali Is Out of Chances to Get It Right

This case is not at its infancy; fact discovery is winding to a close. Dali was not unaware of the specific pleading requirements for willfulness; it pled the legal standard in its SAC. Dali cannot plead ignorance as to the Court's expectations; the Court made its views and expectations abundantly

clear at the hearing on the first motion for judgment on the pleadings.[4] Dali simply lacks facts with which to plead willfulness. Dismissal without leave to replead is the only appropriate remedy at this juncture.

Corning's need to renew this motion is particularly unpalatable given a recent ruling against Dali in a case alleging the same theory against Corning in the Western District of Texas. In that case, Dali sought leave to amend its Complaint after the close of fact discovery to plead willfulness. Corning opposed. Judge Albright denied Dali's motion, reasoning as follows:

> The [Proposed Amended Complaint (PAC)] does not adequately allege Corning's knowledge of infringement. To be sure, the PAC alleges that Corning learned of the '508 patent in 2018, satisfying the first Parity element. *See* ECF No. 42-7 ¶ 25. But Dali adduces little else in support of willfulness, alleging only that the Parties collaborated from 2010-2014 to develop DAS technology, that Corning became familiar with Dali's patent portfolio, and Corning envisioned continuing DAS development with a partner, potentially including Dali. ECF No. 42-7 ¶¶ 21–24.2 ***Dali requests that, because Corning was interested in Dali's DAS technology from 2010-2014 and learned of the '508 patent years later, the Court should infer that Corning knew or should have known it was infringing the '508 patent.*** *See* ECF No. 46 at 2–3. ***It will not do so. The proposed inference is unreasonable,*** particularly absent allegations regarding Corning's conduct from 2014 to 2018 as it relates to Dali or its technology. Dali argues that "Corning spent years monitoring Dali's technology," id. at 3, yet the PAC cites no evidence showing Corning did so after 2014.
>
> Accordingly, the PAC fails to sufficiently plead willful infringement because it does not satisfy the third Parity factor. ***Dali has not made a plausible willful infringement claim entitling Dali to relief, undercutting any suggestion that his new claim is "important." This is grounds enough to deny Dali's request for leave.***

(Ex. 2 to Barton Decl. at p. 5-6 (footnotes omitted)). In other words, this renewed motion is now the *third* time that Corning has been forced to oppose Dali's attempts to inject willfulness into cases against Corning, with the first two times both resulting in a Court ruling that Dali's pleadings were insufficient. Dali yearns to spin a sordid tale of Corning's misdeeds for the jury, but it lacks the ever-crucial *facts* necessary to do so. Dali's most recent attempt to plead willfulness is just as insufficient

---

[4] "There is going to have to be a fair amount of specificity consistent with Rule 11 to get around the problematic issues that have been raised by the defense." (8/19/21 Hrg. Tr. at 17:20-21).

as its prior attempts, and it should not now be given yet another chance to tilt at the willfulness windmill. Dismissal without leave is appropriate.

## V.     CONCLUSION

For the foregoing reasons, Corning respectfully requests that the Court enter judgment on the pleadings finding that Dali's SAC fails to state a claim for willful infringement, without leave to amend.

**ALSTON & BIRD LLP**

Dated: February 18, 2022          BY:    */s/ Michael J. Newton*

Michael J. Newton (State Bar No. 156225)
Katherine G. Rubschlager (State Bar No. 328100)
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:    (650) 838-2000
Facsimile:    (650) 838-2000
mike.newton@alston.com
katherine.rubschlager@alston.com

Ross Barton (*admitted pro hac vice*)
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:    (704) 444-1000
Facsimile:    (704) 444-1111
ross.barton@alston.com

Yuri Mikulka (State Bar No. 185926)
Caleb J. Bean (State Bar No. 299751)
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
yuri.mikulka@alston.com
caleb.bean@alston.com

*Attorneys for Defendant*
*Corning Optical Communications LLC*