# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DALI WIRELESS, INC.,**<br>**Plaintiff,**<br><br>v.<br><br>**CORNING, INC. et al.,**<br>**Defendants.** | 6:20-cv-01108-ADA<br><br>PUBLIC VERSION |

**ORDER DENYING DALI'S MOTION FOR LEAVE TO**
**FILE A FIRST AMENDED COMPLAINT [ECF No. 42]**

Came on for consideration this date is Plaintiff Dali Wireless, Inc.'s Motion for Leave to File a First Amended Complaint, filed December 23, 2021. ECF No. 42 (the "Motion"). Defendants Corning, Inc. and Corning Optical Communications LLC (collectively, "Corning") filed an opposition on January 6, 2022, ECF No. 44, to which Dali replied on January 13, 2021, ECF No. 46. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Dali's Motion.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) governs a motion for leave to file an amended pleading that is filed more than 21 days after the original complaint. But that rule does not apply if the date for filing motions for leave to amend under the governing scheduling order has passed. In those circumstances, Rule 16(b)(4) applies. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 548 (E.D. Tex. 2018) (Bryson, J., sitting by designation).

On February 5, 2021, this Court issued a Scheduling Order setting November 12, 2021, as the last date on which the parties could amend the pleadings. ECF No. 16 at 4. Under Rule 16(b)(4), the party seeking leave to file an amended pleading must show "good cause." To determine if the

1

moving party has shown good cause, the Fifth Circuit has directed district courts to consider: (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

## II. ANALYSIS

Dali's proposed amended complaint ("PAC") newly requests injunctive relief, relying on Corning's FCC filings to suggest that Corning planned products will use Dali's patented digital DAS technology. *See* ECF No. 42-7 ¶¶ 26–29. Yet Dali's Motion is silent on the existence of "good cause" for these untimely amendments. Because Corning's opposition is persuasive and unrebutted, *see* ECF No. 44 at 10–11, the Court **DENIES** Dali's motion for leave to amend a request for injunctive relief into its pleadings.

Dali's PAC also includes a new willfulness claim accompanied by allegations that Corning's infringement of U.S. Patent No. 9,826,508 was willful because Corning "extensively examined Dali's patent portfolio and proprietary technology" during strategic partnership negotiations. ECF No. 42-7 ¶ 20. The PAC also newly alleges that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ recognized ▮▮▮▮▮▮▮▮▮▮ Distributed Antenna Systems ("DAS"). *Id.* ¶ 23. Finally, the PAC includes a new allegation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ¶ 25.

Dali argues that it is entitled to these amendments because Corning produced key discovery establishing willfulness after the deadline to amend the pleadings. ECF No. 42 at 1. The Court is unconvinced.

2

1. Explanation for the Amendment's Delay

The deadline to amend the pleadings in this Action was November 12, 2021. Dali did not move to amend the pleadings until December 23, 2021, despite learning of facts seemingly integral to its willfulness case before the deadline. Dali concedes that, on October 18, 2021, Corning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 42 at 1. Dali also concedes that, on November 4, 2021, Corning's in-house counsel, Keith Montgomery, testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 2. Citing privilege, Mr. Montgomery refused to testify as to the content of that conversation. *See id.* His privilege claim rested on Corning having ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* According to Dali, Mr. Montgomery also testified to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*

Dali possessed that evidence by the November 15, 2021 deadline and yet did not seek to inject a willfulness claim into its pleadings until December 23, 2021. Dali attributes its delay to: Corning's belated production of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on November 15, 2021; and Corning's failure to present Bill Cune, Corning's VP of Commercial Technology, for deposition until November 17, 2021. ECF No. 42 at 2–3. Dali's Motion excerpts one slide from the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ indicating that Corning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* at 3. Mr. Cune merely testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* at 3–4.

Corning's belated production of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Mr. Cune for deposition does not justify Dali's delay. As Corning persuasively argues, "Whatever happened in the 2010-2014 time frame between Dali and Corning was unquestionably and axiomatically in Dali's

3

possession before it even filed this lawsuit." ECF No. 44 at 5. The Court further agrees with Corning that Dali's new paragraph referring to the ▇▇▇▇▇ adds little gloss to old allegations going to Corning's interest in Dali's technology. See ECF No. 42-7 ¶¶ 21, 22, 24, 25 (alleging the Parties' collaboration and Corning's potential acquisition of Dali). Dali replies, citing the new allegation that Corning ▇▇▇▇▇ ECF No. 46 at 3. Dali fails to dissuade this Court that that is not cumulative of Dali's old allegation that Corning met with Dali to discuss potential acquisition. See ECF No. 42-7 ¶ 24.

Dali cannot pass off the ▇▇▇▇ presentation and Mr. Cune's testimony as the final and pivotal piece of Dali's willfulness puzzle.[1] The only new allegations lending any force to Dali's willfulness theory are Corning's admission of ▇▇▇▇ and Mr. Montgomery's testimony (and the PAC does not even reference the latter). Dali has not adequately explained why it could not have timely amended that evidence into the complaint. This factor therefore favors denying leave.

   2. The Importance of the Amendment

Under this factor, Dali argues that its willfulness claim is "important" and well-supported by the facts alleged. ECF No. 42 at 7. Not so, argues Corning; the PAC's willfulness claim is not well-pleaded and forecloses any entitlement to the amendments. ECF No. 44 at 9 ("If a plaintiff's proposed additional claims are 'futile'—that is, if the evidence does not support them such that

---

[1] Dali argues in reply it needed the ▇▇▇▇ presentation to "confirm[] that Corning ▇▇▇▇ ECF No. 46 at 3. Yet the one slide Dali relies upon shows that ▇▇▇▇ . See ECF No. 42 at 3. Moreover, Corning's long-term interest in incorporating Dali technology could be inferred from allegations present in the unamended complaint that Corning explored acquiring Dali after their jointly developing DAS technology. ECF No. 42-7 ¶¶ 21, 22, 24.

4

they could not survive a motion to dismiss—leave to amend may be denied." (quoting *Strong v. Marathon Res. Mgmt. Grp.*, 2019 U.S. Dist. LEXIS 165183, at *4–5 (W.D. Tex. Sep. 25, 2019)). To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent. *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094, at *7 (W.D. Tex. July 26, 2019).

The PAC does not adequately allege Corning's knowledge of infringement. To be sure, the PAC alleges that Corning learned of the '508 patent in 2018, satisfying the first *Parity* element. *See* ECF No. 42-7 ¶ 25. But Dali adduces little else in support of willfulness, alleging only that the Parties collaborated from 2010-2014 to develop DAS technology, that Corning became familiar with Dali's patent portfolio, and Corning envisioned continuing DAS development with a partner, potentially including Dali. ECF No. 42-7 ¶¶ 21–24.[2] Dali requests that, because Corning was interested in Dali's DAS technology from 2010-2014 and learned of the '508 patent years later, the Court should infer that Corning knew or should have known it was infringing the '508 patent. *See* ECF No. 46 at 2–3. It will not do so. The proposed inference is unreasonable, particularly absent allegations regarding Corning's conduct from 2014 to 2018 as it relates to Dali or its

---

[2] Dali asserts over and again that Corning ▮▮▮▮▮▮▮▮▮▮. *See* ECF No. 42 at 3, 5; ECF No. 46 at 4. In support of this proposition, Dali cites one ▮▮ slide showing a flow chart of future technological development. One chart element recites, ▮▮▮▮▮▮▮▮▮▮ *See* ECF No. 42 at 3. Another, ▮▮▮▮▮▮▮▮ *Id.* No reasonable reading suggests that Corning believed it needed Dali's technology in particular—Corning was also considering ▮▮▮▮▮▮ And, indeed, Mr. Cune testified that Corning ▮▮▮▮▮▮▮▮▮▮. *See* ECF No. 42-4 at 219:13–23.

5

technology. Dali argues that "Corning spent years monitoring Dali's technology," *id.* at 3, yet the PAC cites no evidence showing Corning did so after 2014.

Accordingly, the PAC fails to sufficiently plead willful infringement because it does not satisfy the third *Parity* factor. Dali has not made a plausible willful infringement claim entitling Dali to relief, undercutting any suggestion that his new claim is "important." This is grounds enough to deny Dali's request for leave.

      3. <u>Potential Prejudice in Allowing the Amendment</u>

Dali argues that Corning is not prejudiced by an untimely willfulness claim because "Dali included factual allegations that put Corning on notice that a willfulness claim was likely." ECF No. 42 at 7. Dali essentially argues that a defendant should be prepared to defend against any claim that an original complaint could reasonably support, even if the plaintiff reserves that claim until the deadline to amend has passed. The Court does not establish its deadlines so lightly. Dali also argues that Corning has had notice of its untimely willful infringement claim because Corning is defending a similar claim in another Dali-initiated action. *Id.* at 7. (Dali omits that the other action involves different patents and different products. ECF No. 44 at 8.) These arguments are self-defeating. If Corning has had notice of the willful infringement claim, then Dali should have been poised to timely assert it. *See id.* at 8–9. Yet it did not.

Corning establishes prejudice, noting how the new willfulness claim is dissimilar to any timely pleaded claims. New facts underpinning Dali's willfulness claim demand reopening discovery to permit Corning to further investigate a theory only propounded weeks before discovery closed. *See id.* at 7–8 (citing *Strong*, 2019 U.S. Dist. LEXIS 165183, at *6–7). Accordingly, this factor favors denying leave.

6

4. The Availability of a Continuance

Dali asserts that its amendments would not cause any delay. ECF No. 42 at 8. Corning argues the opposite. ECF No. 44 at 8 n.5. In this Court's judgment, a continuance may be necessary to permit fulsome discovery on the willfulness issue. But the Court is reticent to grant one, finding that it would only delay the speedy resolution of this case and would not "deter future careless behavior nor serve to enforce this Court's Scheduling Order." *Barnes v. Sanchez*, No. 3:07-CV-01184-M, 2010 U.S. Dist. LEXIS 137211, at *5 (N.D. Tex. Dec. 2, 2010). Accordingly, this factor favors denying leave.

### III. CONCLUSION

Dali is not entitled to leave. The Court considered four factors to determine whether Dali has shown "good cause" for its willfulness amendment. None favor granting leave. Granting leave would also be "futile" because the amendments fail to state a claim for relief from willful infringement. *See Tangipahoa Par. Sch. Bd.*, 816 F.3d at 328. In addition, Dali has not even attempted to show "good cause" for adding a request for injunctive relief.

It is therefore **ORDERED** that Dali's Motion for Leave to File a First Amended Complaint is **DENIED**.

SIGNED this 1st day of February, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE