1 | Michael J. Newton (State Bar No. 156225)
Katherine G. Rubschlager (State Bar No. 328100)
2 | **ALSTON & BIRD LLP**
1950 University Ave, Suite 430
3 | East Palo Alto, CA 94303
Telephone:     (650) 838-2000
4 | Facsimile:     (650) 838-2001
mike.newton@alston.com
5 | katerine.rubschlager@alston.com

6 | Yuri Mikulka (State Bar No. 185926)
Caleb J. Bean (State Bar No. 299751)
7 | **ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
8 | Los Angeles, CA 90071
Telephone:   (213) 576-1000
9 | Facsimile:     (213) 576-1100
yuri.mikulka@alston.com
10 | caleb.bean@alston.com

11 | *Attorneys for Defendant*
*Corning Optical Communications LLC*
12 |
*Additional counsel on signature page*
13 |
14 |                    **UNITED STATES DISTRICT COURT**

15 |                   **NORTHERN DISTRICT OF CALIFORNIA**

16 |                        **SAN FRANCISCO DIVISION**

17 |                                                    Case No. 3:20-cv-06469-EMC

18 | Dali Wireless, Inc.,

19 |                    Plaintiff,                      **CORNING OPTICAL
COMMUNICATIONS LLC'S REPLY IN
20 |        v.                                          SUPPORT OF ITS RENEWED MOTION
FOR JUDGMENT ON THE PLEADINGS
21 | Corning Optical Communications LLC,                OF NO WILLFUL INFRINGEMENT

                    Defendant.                         Date: March 31st, 2022
22 |                                                    Time: 1:30 PM
                                                       Courtroom: Courtroom 5 – 17th Floor
23 |
24 |
25 |
26 |
27 |
28 |

1

2

**TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

*Apple Inc. v. Princeps Interface Techs. LLC*,
   2020 U.S. Dist. LEXIS 52787 (N.D. Cal. Mar. 26, 2020)........................................................1, 2

6

7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................................2, 3

8

*Brod v. Sioux Honey Ass'n*,
   927 F. Supp. 2d 811 (N.D. Cal. 2013) ..........................................................................................6

9

10

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996) ...........................................................................................................2

11

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) .........................................................................................................5

12

13

*Erickson v. Pardus*,
   551 U.S. 89 (2007)..........................................................................................................................2

14

*Finjan, Inc. v. Cisco Sys.*,
   2017 U.S. Dist. LEXIS 87657 (N.D. Cal. June 7, 2017) ...............................................................1

15

16

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)................................................................................................................1, 4

17

18

*Papasan v. Allain*,
   478 U.S. 265 (1986)........................................................................................................................2

19

*People.ai, Inc. v. Clari Inc.*,
   2022 U.S. Dist. LEXIS 14573 (N.D. Cal. Jan. 26, 2022) .............................................................6

20

21

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)......................................................................................................4

22

23

*Shroyer v. New Cingular Wireless Servs., Inc.*,
   622 F.3d 1035, 1041 (9th Cir. 2010) .............................................................................................2

24

*Underwater Devices v. Morrison-Knudsen Co.*,
   717 F.2d 1380 (Fed. Cir. 1983)......................................................................................................4

25

26

*Yeftich v. Navistar, Inc.*,
   722 F.3d 911 (7th Cir. 2013) .........................................................................................................2

27

28

1

**Statutes**

2

35 U.S.C. § 298 ................................................................................................................................4, 5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      **INTRODUCTION**

Dali's Opposition is high on outrage but low on substance.  It glosses over the insufficiencies of its SAC in favor of salacious—but ultimately legally insufficient—theories regarding Corning's conduct.  Because Dali's pleading is insufficient, the Court need not entertain Dali's lurid tales of misconduct.  Nonetheless, Dali's theories are not only counterfactual, they are legally impermissible.  Dali has tried and tried again to adequately plead willfulness.  It failed.  Corning's Motion should be granted, and Dali should not be given yet another try to get it right.

II.     **DALI'S SAC INSUFFICIENTLY PLEADS WILLFULNESS**

In its Opposition, Dali goes to great lengths to distract the Court from the actual pleadings.  There is good reason for this: the SAC insufficiently pleads willfulness.

      **A.      Dali's Arguments Regarding Pre-Suit Knowledge of Two of the Patents-In-Suit Are Irrelevant**

Dali argues that the Original Complaint retroactively ceased to exist when the First Amended Complaint ("FAC") was filed and that "pre-suit knowledge" really means "pre-infringement-allegation."  Opp. at 12-13.  Fortunately, the Court does not need to address Dali's arguments.

Even assuming Dali is correct that Corning possessed "pre-suit knowledge" of the '261 and '454 patents because it learned of the patents a few days before the FAC was filed (but during the pendency of the case), Dali did not plead "egregious conduct" during the relevant time period.  The Supreme Court noted in *Halo* that "culpability is generally measured against the knowledge of the actor ***at the time of the challenged conduct***."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).[1]  "Since *Halo*, courts in this District have required willful infringement claims to show both 'knowledge of the . . . [p]atents' ***and*** 'egregious conduct' in order to survive a motion to dismiss."  *Apple Inc. v. Princeps Interface Techs. LLC*, 2020 U.S. Dist. LEXIS 52787, at *6 (N.D. Cal. Mar. 26, 2020) (citing *Finjan, Inc. v. Cisco Sys.*, 2017 U.S. Dist. LEXIS 87657, at *14 (N.D. Cal. June 7, 2017)) (emphasis in original).  Moreover, in *Apple*, the Court dismissed a willfulness claim where the plaintiff's allegations of post-filing "egregious" conduct were insufficient to

---

[1] All emphasis added unless otherwise noted.

- 1 -

1    "establish egregious conduct."  *Apple Inc.*, 2020 U.S. Dist. LEXIS 52787, at *10.  As a result,

2    conduct occurring before Corning knew of these patents is legally irrelevant to a willfulness inquiry.

3    Dali did not plead any facts regarding egregious conduct that occurred ***after*** acquiring knowledge

4    but ***before*** the FAC.[2]  Dali thus failed to plead willfulness for the '261 and '454 patents.

5           **B.       Dali's Egregious Conduct Pleadings Are Insufficient**

6           As Dali correctly notes in its opposition: "a claim can be dismissed…where there is 'an

7    absence of sufficient ***facts*** alleged to support a cognizable legal theory.'"  Opp. at 11 (citing *Shroyer*

8    *v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)).  Indeed, in deciding

9    either a 12(b)(6) or a 12(c) motion, the Court must only accept as true "***factual allegations***"

10   contained in the complaint and must only construe "***factual allegations***" in the light most favorable

11   to the non-moving party.  Opp. at 11; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cahill v. Liberty*

12   *Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).  Courts—including the Supreme Court—draw

13   a distinction between factual allegations, and legal conclusions and unsupported theories couched as

14   factual allegations.  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court observed

15   that to survive a motion to dismiss "requires more than labels and conclusions, and a formulaic

16   recitation of the elements of a cause of action will not do."  *Id.* at 555.  *Twombly* reinforced the

17   Supreme Court's longstanding jurisprudence that "courts 'are not bound to accept as true a legal

18   conclusion couched as a factual allegation.'"  *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286

19   (1986)).  As a result, a court "need not accept as true statements of law or unsupported conclusory

20   factual allegations."  *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

21          Dali raises many issues and arguments outside of the pleadings (addressed below in section

22   III), but does precious little to defend the actual contents of its SAC.  Indeed, Dali neatly summarizes

23   the relevant passages of the SAC as containing little more than allegations that "Corning did nothing

24   to ensure that the products acquired as part of the SpiderCloud acquisition did not infringe Dali's

25   patents" and that Corning remained "willfully blind as to whether it infringed."  Opp. at 13.  These

---

[2] An allegation that Corning "continues to sell the accused SpiderCloud products" is insufficient as it relates to ongoing sales and not pre-suit activities.

1  allegations are not *factual* allegations, but are instead the legal theories and conclusions of its

2  counsel.  Dali's SAC contains no factual allegations to support these theories, and as such it is

3  insufficient and should be dismissed.

4      Not only are there no factual allegations *pled* to support Dali's theories, but the only alleged

5  facts Dali recites in its Opposition directly contradict its legal theories.  Dali alleges that Corning

6  "did nothing" to investigate the alleged infringement and that it was "willfully blind," but then

7  spends several pages of its Opposition arguing that Corning's actions were inadequate to avoid

8  willful infringement.  Opp. at 13-16.  For example, Dali acknowledges that Corning's business

9  personnel "made a business decision to continue selling the infringing products based on a

10  'subjective good faith belief'" that Corning did not infringe, Opp. at 5, and that Corning has removed

11  the accused functionality.  Opp. at 23.  Setting aside that much of Dali's argument is impermissible

12  (as discussed below), Dali cannot simultaneously assert a theory that Corning "did nothing" and

13  argue that what Corning did was not enough.  This contradiction between Dali's theories and the

14  factual arguments it attempts to make is precisely why unsupported theories are insufficient to

15  adequately plead willfulness.

16  **III.  DALI'S WILLFULNESS THEORIES ARE NOT LEGALLY VIABLE**

17      As an initial matter, the Court does not need to consider the factual arguments made by Dali

18  that are outside the pleadings.  Dali dedicates a significant portion of its Opposition arguing that

19  subsequently developed evidence and testimony supports the theories pled in its SAC, but this misses

20  the point.  As Dali notes, the Supreme Court noted in *Twombly* that "***once a claim has been stated***

21  ***adequately***, it may be supported by showing any set of facts consistent with the allegations in the

22  complaint."  Opp. at 12 (citing *Twombly*, 550 U.S. at 563).  Because Dali failed to meet the threshold

23  of adequately stating a claim, it is unnecessary to consider whether the evidence is consistent with

24  its theories.

25      Nonetheless, Dali's theory of willfulness runs directly contrary to statute and Supreme Court

26  precedent.

27

28

**A.    The Supreme Court Precluded Dali's Theory that Corning Failed to Exercise Due Care**

Running throughout Dali's SAC and Opposition is its theory that Corning's infringement was willful because it "did nothing to ensure that the products acquired as part of the SpiderCloud acquisition did not infringe Dali's patents."  SAC at ¶¶ 40, 67; Opp. at 13.  Dali's theory, which amounts to a theory that Corning acted negligently, applies an affirmative duty upon Corning to avoid infringement.  This "affirmative duty of due care" standard was articulated by the Federal Circuit in *Underwater Devices v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983), but was ***expressly overruled*** by the Federal Circuit in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[W]e overrule the standard set out in *Underwater Devices*…").  And although the particular test for evaluating willfulness articulated by *Seagate* was subsequently overruled by *Halo*, the *Halo* court reaffirmed *Seagate*'s elimination of the "affirmative duty" standard of care.  Thus, Dali's theory and purported evidence supporting a theory that Corning did not exercise due care to avoid infringement are legally improper and irrelevant.

**B.    Dali's Theory that Corning Improperly Neglected to Obtain an Opinion of Counsel Is Barred by Statute**

Dali's Opposition also takes issue with the steps that Corning took to conclude that it does not infringe the asserted patents and argues that Corning should have obtained an opinion of counsel. Indeed, one of Dali's headings reads as follows: "Despite discussing the patents-in-suit with Corning's in-house counsel, Corning's decision-makers did not seek an opinion from him when the[y] decided to keep selling infringing products."  Opp. at 9.

Dali's argument is foreclosed by statute.  35 U.S.C. § 298 is explicit and unambiguous:

> The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, ***may not be used to prove that the accused infringer willfully infringed the patent*** or that the infringer intended to induce infringement of the patent.

Despite this, Dali argues that the willfulness theories—not facts—pled in its SAC are proven by Corning's failure to obtain an opinion of counsel.  Corning is not going to assert an opinion of counsel defense regardless of whether willfulness is in the case, thus Dali's insistence that Corning

- 4 -

1    acted willfully because it failed to obtain an opinion of counsel is entirely improper under § 298.

2    Dali's theory is directly contrary to the relevant statute and must be rejected.

3                **C.    Dali Is Grasping at Straws and Amendment Would Be Futile**

4            Dali recently moved to compel Corning to produce additional interrogatory responses and to

5    provide additional corporate testimony, arguing that it needed more information to support its

6    willfulness theory.  Dali's argument was, in essence, that it needed to know more about how Corning

7    learned of the '358 patent in order to determine whether there were facts that supported willfulness.

8    During the hearing, Chief Magistrate Judge Spero roundly rejected Dali's arguments, describing

9    them as "sound[ing] like a man who is desperate."  Barton Reply Dec., Ex. 3 at 8:23.  Dali likely

10   understands that its pleadings and the facts developed in discovery do not come anywhere close to

11   establishing willfulness, but it is desperate to tell a story for the jury—a story that runs contrary to

12   Supreme Court precedent and statute—in order to smear Corning's name.

13           Simply put: Dali does not have a legally viable, factually supported willfulness theory.  This

14   case is past the close of fact discovery, and Dali's willfulness theories remain a collection of

15   unsupported conclusions, conjecture, and theories that the Supreme Court and Congress have

16   rejected.  In several instances, Dali outright misrepresents the facts in an effort to smear Corning.[3]

17   Dali already had a chance to replead willfulness and elected not to remedy its prior deficiencies or

18   heed the Court's warnings.  Leave to amend should not be granted.  *See Carvalho v. Equifax Info.*

19   *Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (a court is justified in denying leave to amend when

20   _____

21   [3] For example, Dali argues in its section regarding the *Read* factors—an argument that is entirely

22   premature—that "Corning has taken no remedial action."  Opp. at 16.  This is false.  As Corning

23   already explained to Dali during discovery, the accused functionality in the accused products was

24   defaulted to "off" and never turned "on" by Corning's customers, and Corning went a step further

25   and subsequently removed the accused functionality.  Barton Reply Dec., Ex. 4 at 10-15.  Corning is

26   thus perplexed how Dali can maintain either an infringement theory or a viable, non-*de minimis*

27   damages theory.

28

REPLY ISO RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 3:20-CV-06469-EMC

1  a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed"); *Brod v.*
2  *Sioux Honey Ass'n*, 927 F. Supp. 2d 811, 833 (N.D. Cal. 2013) (Chen, J.) (dismissing with prejudice
3  where "any further amendment to the complaint beyond the Second Amended Complaint herein
4  would be futile"); *People.ai, Inc. v. Clari Inc.*, 2022 U.S. Dist. LEXIS 14573, at *11 (N.D. Cal. Jan.
5  26, 2022) (denying leave to amend with prejudice where "amendment is futile because the additional
6  factual allegations that [plaintiff] has inserted into its proposed second amended complaint do not
7  address the deficiencies pointed out in the order granting [defendant] judgment on the pleadings"
8  and noting that "[f]utility alone can justify denial of a motion for leave to amend" (internal quotations
9  and citations omitted)).

10 **IV.    DALI'S ATTEMPT TO CONVERT THIS TO A FRCP 56 MOTION IS BASELESS**

11         Dali argues that Corning's Motion "relies on facts outside the pleadings." Opp. at 4. This is
12 false. The only basis for Dali's position is its argument that Corning referenced the WDTX
13 proceedings.[4] Corning did not cite the WDTX proceedings as evidence of why Dali failed to
14 adequately plead willfulness in this case. Instead, Corning cited the WDTX proceedings to highlight
15 Dali's unsuccessful attempts, through substantially identical pleadings, to improperly inject its
16 baseless willfulness claim into multiple cases against Corning.

17         This Case does not exist in isolation. Dali's unfocused and halting approach to litigation
18 against Corning has forced Corning to expend significant sums of money defending against
19 insufficiently pled willfulness allegations and discovery motions brought by Dali. Below is an
20 overview of Dali's litigation tactics:

---

24 [4] Dali also seems to argue that Corning relied on facts outside the pleadings because Corning argued
25 that Dali lacked the facts to support its willfulness theory. It strains credulity to argue that observing
26 the absence of factual support for allegations in Dali's pleadings is relying on facts outside the
27 pleadings.
28

| Date | Court | Case No. | Action |
|---|---|---|---|
| 12/30/2019 | W.D.N.C. | 3:19-cv-714 | Dali files a Complaint against Corning alleging infringement of U.S. Patent Nos. 10,159,074 ("the '074 patent") and 9,769,766 ("the '766 patent"). |
| 4/30/2020 | W.D.N.C. | 3:19-cv-714 | Dali files an Amended Complaint dropping both the '074 and '766 patents, and adding U.S. Patent Nos. 10,433,261 ("the '261 patent"), 9,197,358 ("the '358 patent"), and 10,506,454 ("the '454 patent"). **The Complaint includes a willfulness allegation.** |
| 7/22/2020 | W.D.N.C. | 3:19-cv-714 | The Magistrate Judge recommends the case be transferred to the Northern District of California. |
| 9/9/2020 | W.D.Tex. | 6:20-cv-827 | Dali files a Complaint against Corning alleging infringement of the '766 patent for the second time and asserting U.S. Patent No. 9,826,508 ("the '508 patent"). **The Complaint includes a willfulness allegation.** |
| 10/8/2020 | W.D.Tex. | 6:20-cv-827 | Dali seeks leave to amend the Complaint to drop the '766 patent for a second time. |
| 12/4/2020 | W.D.Tex. | 6:20-cv-1108 | Dali files a new, separate case asserting the '508 patent against Corning, despite the fact that the -827 case asserting the '508 patent against Corning remained pending, because it lacked standing. The Complaint does not include a willfulness allegation and does not include a request for injunctive relief. |
| 08/19/21 | N.D.Cal. | 3:20-cv-6469 | The Court grants Corning's Motion for Judgment on the Pleadings of No Willful Infringement with leave to amend. |
| 11/12/21 | W.D.Tex. | 6:20-cv-1108 | Deadline to amend the pleadings without leave of Court. |
| 12/23/21 | W.D.Tex. | 6:20-cv-1108 | Dali moves to add willfulness and a request for injunctive relief. |
| 1/20/22 | W.D.Tex. | 6:20-cv-1108 | The Court rejects Dali's attempt to challenge privilege designations relating to Corning documents that Dali alleges support a willfulness theory. |
| 1/27/22 | W.D.Tex. | 6:22-cv-104 | Dali files yet another Complaint against Corning, this time adding Corning's customer, Verizon, as a defendant. |
| 2/1/22 | W.D.Tex. | 6:20-cv-1108 | The Court denies Dali's attempt to add willfulness. |
| 03/04/22 | N.D.Cal. | 3:20-cv-6469 | Chief Magistrate Spero rejects Dali's attempt to get additional discovery Dali argues is relevant to willfulness. |

Dali haled Corning to court in three different districts and with six different Complaints. When Dali lost its most recent attempt to inject willfulness into the WDTX case, it approached Corning a few days later and proposed a stay of its own case. It filed three complaints in this matter

1  alone, and has lost every single discovery motion and contested motion across all cases with the

2  exception of a motion to transfer in the WDTX case (that it subsequently asked to stay).

3      Corning's citation to the WDTX transcript was not reliance on facts outside the pleadings.

4  It was an attempt to inform the Court of the full context of Dali's litigation tactics.

5  **V.     CONCLUSION**

6      For the foregoing reasons, Corning respectfully requests that the Court enter judgment on

7  the pleadings finding that Dali's SAC fails to state a claim for willful infringement, without leave to

8  amend.

9

10                          **ALSTON & BIRD LLP**

11

12  Dated: March 16, 2022          BY:   */s/ Michael J. Newton*

13                          Michael J. Newton (State Bar No. 156225)
                           Katherine G. Rubschlager (State Bar No. 328100)
14                          1950 University Ave, Suite 430
                           East Palo Alto, CA 94303
15                          Telephone:    (650) 838-2000
                           Facsimile:    (650) 838-2000
16                          mike.newton@alston.com
                           katherine.rubschlager@alston.com
17
                           Ross Barton (*admitted pro hac vice*)
18                          Bank of America Plaza
                           Suite 4000
19                          101 South Tryon Street
                           Charlotte, NC 28280-4000
20                          Telephone:    (704) 444-1000
                           Facsimile:    (704) 444-1111
21                          ross.barton@alston.com

22                          Yuri Mikulka (State Bar No. 185926)
                           Caleb J. Bean (State Bar No. 299751)
23                          333 South Hope Street, 16th Floor
                           Los Angeles, CA 90071
24                          Telephone:   (213) 576-1000
                           Facsimile:    (213) 576-1100
25                          yuri.mikulka@alston.com
                           caleb.bean@alston.com
26
                           *Attorneys for Defendant*
27                          *Corning Optical Communications LLC*

28

- 8 -

REPLY ISO RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 3:20-CV-06469-EMC