# EXHIBIT 3

```
                                        PAGES 1 - 9

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE JOSEPH C. SPERO
```

| | |
|---|---|
| DALI WIRELESS, INC., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO. 20-CV-06469 |
| | ) |
| CORNING OPTICAL COMMUNICATIONS, LLC., | ) |
| | ) |
| | ) SAN FRANCISCO, CALIFORNIA |
| DEFENDANT. | ) FRIDAY, MARCH 4, 2022 |
| | ) |
| _____ | ) |

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  2:35 P.M. - 2:45 P.M.**

**APPEARANCES:**

**FOR PLAINTIFF**          FOLIO LAW GROUP PLLC
                           1200 WESTLAKE AVE. N., SUITE 809
                           SEATTLE, WASHINGTON  98109
                     **BY: STEFAN J. SZPAJDA, ESQUIRE**


**FOR DEFENDANT**          ALSTON & BIRD
                           1950 UNIVERSITY AVENUE, SUITE 430
                           EAST PALO ALTO, CA 94304
                     **BY: MICHAEL J. NEWTON, ESQUIRE**
                           **ROSS BARTON, ESQUIRE**
                           **YURI MIKULKA, ESQUIRE**


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
                  *RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1  FRIDAY, MARCH 4, 2022                                    2:35 P.M.
 2  (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3  IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4  ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                              ---O0O---
 6                  ELECTRONICALLY RECORDED PROCEEDINGS
 7           THE CLERK:  WE ARE CALLING CASE 20-CV-6469, DALI
 8  WIRELESS V. CORNING OPTICAL COMMUNICATIONS.  COUNSEL COULD YOU
 9  PLEASE RAISE YOUR HANDS?  GREAT.  THANK YOU.  OKAY.  DID I GET
10  EVERYBODY?  OKAY.  ALL RIGHT.
11           GOOD AFTERNOON.  APPEARANCES, PLEASE, FIRST STARTING
12  WITH THE PLAINTIFF AND THEN THE DEFENDANT.
13           MR. SZPAJDA:  GOOD AFTERNOON.  MY NAME IS STEFAN
14  SZPAJDA.  I'M HERE FOR DALI WIRELESS.
15           MR. NEWTON:  GOOD AFTERNOON, YOUR HONOR.  MIKE NEWTON
16  FROM ALSTON & BIRD.  WITH ME ARE MY PARTNERS, YURI MIKULKA AND
17  ROSS BARTON, AND WE'RE HERE ON BEHALF OF CORNING.
18           MS. MIKULKA:  GOOD AFTERNOON, YOUR HONOR.
19           THE COURT:  GOOD AFTERNOON, EVERYONE.
20           SO, THE -- WE'RE DOING DOCKET 125.  LET ME JUST GET
21  THAT UP IN FRONT OF ME, GET THE ACTUAL DOCUMENT OUT, BECAUSE --
22  AND IN 125 IS A -- IS AN ISSUE IN WHICH THE PLAINTIFF IS
23  SEEKING TO COMPEL CERTAIN THINGS FROM THE DEFENDANT.
24           A COUPLE OF THINGS THAT I WANT TO TELL YOU ABOUT
25  SINCE THIS IS MY FIRST CHANCE TO REACH YOU ALL IN A DISCOVERY
```

1  DISPUTE.  DON'T DO IT AGAIN.  THAT'S THE FIRST THING I WOULD
2  SAY TO YOU.
3           I TAKE A VERY PARTICULAR ATTITUDE TOWARDS DISCOVERY
4  DISPUTES, ESPECIALLY IN PATENT CASES, AND THAT IS THIS:  IT'S
5  YOUR PROBLEM, NOT THE COURT'S.  THE FEDERAL RULES OF CIVIL
6  PROCEDURE PLACE ON COUNSEL THE BURDEN IN THE FIRST INSTANCE OF
7  RESOLVING DISCOVERY DISPUTES.  THEY DON'T WORK IF YOU SHOVE IT
8  BACK ON THE COURT.
9           IF WE HAVE THESE KINDS OF DISCOVERY DISPUTES THAT YOU
10 HAVE IN THIS CASE SO FAR IN EVERY CASE THAT WE HAD, WE WOULD DO
11 NOTHING BUT DISCOVERY DISPUTES.  NO JUDGE IN THE COURTHOUSE
12 WOULD BE DOING ANYTHING OTHER THAN DISCOVERY DISPUTES.  SO I
13 PUSH BACK.
14          WE'RE GOING TO DO A NOTICE OF REFERENCE, AND MAYBE
15 WE'VE ALREADY DONE THE NOTICE OF REFERENCE, ACTUALLY.  AND SO
16 YOU KNOW I'M VERY SERIOUS ABOUT IT.  AND IF I HAVE TO DRAG YOUR
17 CLIENTS IN HERE AND HAVE THEM EXPOSED TO THE RIDICULOUS
18 MACHINATIONS THAT GO ON -- UNLESS THEY'RE THE PROBLEM, WHICH IT
19 SOMETIMES IS -- I WILL DO THAT.
20          SO I EXPECT YOU TO WORK EVERYTHING OUT.  I'M GOING TO
21 RULE ON THESE TWO THINGS BECAUSE I THINK THEY'RE EXTREMELY
22 SIMPLE, AND YOU HAVE CLEARLY RULED ON -- YOU SHOULD HAVE
23 CLEARLY WORKED THESE OUT, NO QUESTION ABOUT IT.
24          BUT I'M GOING TO RULE ON THOSE, AND THEN YOU CAN
25 PROCEED, BUT I -- I CAUTION YOU, DON'T BRING THINGS THAT ARE

1  THIS, YOU KNOW, MINOR IN THE SCHEME OF THINGS.  THEY'RE NOT
2  BURDENSOME.  THEY DON'T SHOW TOO MUCH IN TERMS OF CONFIDENTIAL
3  INFORMATION.  THERE'S NO REASON TO BE FIGHTING TOOTH AND NAIL
4  OVER THIS STUFF, FROM A PRACTICAL POINT OF VIEW.  IF I FIND
5  PEOPLE BEING IMPRACTICABLE, I WILL SANCTION THEM.
6          SO, INTERROGATORY WHERE ALL PRIOR ART DISCOVERY AND
7  PRIOR ART SEARCHES THAT DISCOVERED THE PATENTS IN SUIT, DENIED.
8  I'M NOT GOING TO ALLOW THAT.  THE PRIOR ART THAT WAS DISCOVERED
9  THAT IS RELEVANT IS THE PATENT.  IT IS NOT THE OTHER THINGS, SO
10 I'M NOT GOING TO ALLOW THAT.
11         ON THE 30(B)(6) ON THE CIRCUMSTANCES OF DISCOVERY OF
12 THE PATENT IN SUIT, WHAT I UNDERSTAND YOU KNOW SO FAR, THERE'S
13 BEEN TESTIMONY, THAT THE PATENT WAS DISCOVERED DURING A PRIOR
14 ART SEARCH, THAT THE PRIOR ART SEARCH WAS BEFORE THE
15 SPIDERCLOUD ACQUISITION, THAT THE SEARCH WAS (INDISCERNIBLE)
16 ACCORDINGLY FOR THE PRODUCTS AT ISSUE, THAT THE ONLY REASON,
17 ACTUALLY, WE KNOW ANYTHING ABOUT THE DATE IS FROM -- BECAUSE
18 THIS PRIOR ART SEARCH IS APPARENTLY CONTAINED IN A DOCUMENT OF
19 SOME SORT, AND THERE'S META DATA WHICH GIVES THE DATE.
20         WHAT MORE DO YOU NEED, AND WHY IS IT RELEVANT TO
21 WILLFULNESS IN TERMS OF THE CIRCUMSTANCES IN WHICH THEY FOUND
22 THIS PRIOR ART?
23         **MR. SZPAJDA:**  THANK YOU, YOUR HONOR.  I'LL INTERPRET
24 YOUR QUESTION AS DIRECTED AT ME; IS THAT CORRECT?
25         **THE COURT:**  THAT'S A FAIR, FAIR INTERPRETATION.

1  GREAT.
2      **MR. SZPAJDA:**  THANK YOU.
3      **THE COURT:**  SOMETIMES I'M NOT EVEN THAT CLEAR, SO I
4  APPRECIATE THE CLARIFICATION.
5      **MR. SZPAJDA:**  THAT'S GREAT.
6      WELL, I DID WANT TO CORRECT OR AT LEAST ADDRESS ONE
7  PREMISE IN THE RUNUP TO YOUR HONOR'S QUESTION, WHICH IS THE
8  ACCUSATION OF SPIDERCLOUD.
9      IT IS TRUE THAT THE ACQUISITION CLOSED IN JULY OF
10 2017, BUT I HAVE SOME EXHIBITS THAT WERE USED DURING THE
11 DEPOSITION IN THIS CASE THAT SHOW THAT THE DUE DILIGENCE FOR
12 THE ACQUISITION ACTUALLY BEGAN IN MAY AND JUNE OF 2016, RIGHT
13 AROUND THE TIME OF THE DISCOVERY OF THE RELEVANT PATENT.  AND
14 SO OUR VIEW IS THERE'S CIRCUMSTANTIAL EVIDENCE THAT THIS PATENT
15 SEARCH WAS DONE IN CONNECTION WITH THAT DUE DILIGENCE.  AND SO
16 UNDER THE --
17     **THE COURT:**  THEY TOLD US THAT IT'S NOT FOR THE
18 SPIDERCLOUD PRODUCTS.  THEY'VE SAID THAT.
19     **MR. SZPAJDA:**  YES, YOUR HONOR, THEY HAVE SAID THAT;
20 HOWEVER, IT'S SORT OF A SWORD-SHIELD PROBLEM.  WHAT THEY HAVE
21 SAID IS, WE'RE GOING TO TELL YOU SOMETHING THAT'S A LITTLE BIT
22 OF INFORMATION, AND IT'S EXTREMELY SELF-SERVING, WE'RE GOING TO
23 TELL YOU IT'S IRRELEVANT, BUT THEN WE'RE GOING TO OBJECT ON
24 PRIVILEGE GROUNDS AND INSTRUCT NOT TO ANSWER ON WHAT THE ACTUAL
25 CIRCUMSTANCE WERE, AND THAT PUTS DALI AT A SIGNIFICANT

1  DISADVANTAGE IN THE TOTALITY OF CIRCUMSTANCES THAT ARE RELEVANT
2  IN A --
3           **THE COURT:**  YOU KNOW, YOU'RE JUST -- YOU'RE JUST
4  MOUTHING A DEBATER'S POINTS THAT DON'T MAKE ANY SENSE TO ME.
5           FIRST OF ALL, WE KNOW THERE WAS A PRIOR ART SEARCH,
6  RIGHT?  WE KNOW THERE WAS A PRIOR ART SEARCH.  AND WE KNOW THE
7  DATE IT WAS DONE, AND WE KNOW THAT IT WAS DONE IN CONNECTION
8  WITH SOMETHING, RIGHT?  AND WE KNOW BY REPRESENTATION -- AND I
9  SUPPOSE YOU COULD GET IT UNDER OATH -- THAT IT WAS DONE NOT IN
10 CONNECTION WITH ANY SPIDERCLOUD PRODUCTS.
11          WHAT MORE DO YOU NEED BEYOND THAT?
12          **MR. SZPAJDA:**  YOUR HONOR, I KNOW THAT'S A TOTALITY OF
13 THE CIRCUMSTANCES.  IF, FOR EXAMPLE, CORNING WAS EVALUATING THE
14 GENERAL FIELD IN WHICH DALI AND SPIDERCLOUD WERE COMPETING,
15 THAT WOULD BE RELEVANT TO THEIR SUBJECTIVE STATE OF MIND IN THE
16 CONTEXT OF WILLFULNESS, BECAUSE THEY COULD HAVE BEEN LOOKING AT
17 A FREEDOM TO OPERATE SITUATION WHERE THEY WANTED TO KNOW, CAN
18 WE ENTER THE SPACE.
19          MAYBE IT WASN'T SPECIFICALLY DIRECTED AT THE ACCUSED
20 PRODUCT IN THIS CASE, BUT IF IT'S THE FIELD IN WHICH THE
21 PRODUCT COMPETES, THAT'S HIGHLY RELEVANT TO THE PROCESS THEY
22 WERE GOING THROUGH AT THE TIME TO FIGURE OUT WHETHER --
23          **THE COURT:**  WALK THAT THROUGH WITH ME.  SO YOU GET
24 THAT, AND IT TURNS OUT THAT THEY WANT TO UNDERSTAND THE FIELD.
25 THEY WANT TO UNDERSTAND THE FIELD.  DOES THAT SHOW THAT THEY'RE

1  NOT WILLFUL?  I MEAN, HOW DOES IT HELP YOU?
2          **MR. SZPAJDA:**  IT HELPS US, YOUR HONOR, BECAUSE WHAT
3  WE'VE SEEN -- AND I HAVE SOME SLIDES THAT I PREPARED THAT
4  HIGHLIGHT THIS TESTIMONY.
5          WHAT WE'VE SEEN IS THAT THEY FOUND THE PATENT, AND
6  THEN THEY DECIDED TO ACQUIRE THE COMPANY AND DECIDED NOT TO DO
7  ANY KIND OF A CLAIM ANALYSIS AFTER HAVING FOUND THE PATENT.
8  THEY BASED THEIR ANALYSIS ON THE TITLE OF THE PATENT, WHICH IS
9  NOT A PROPER ANALYSIS FOR THE PURPOSES OF DISCOVERING FREEDOM
10 TO OPERATE.
11         AND SO IF WE COULD SHOW THAT THEY WERE ANALYZING A
12 WHOLE SPECTRUM OF PATENTS IN THIS FIELD AND MAKING A RECKLESS
13 DECISION NOT TO ACTUALLY PERFORM A PROPER CLAIM CONSTRUCTION
14 ANALYSIS UNDER THOSE CIRCUMSTANCES, THAT WOULD BE A VERY STRONG
15 INDICATION --
16         **THE COURT:**  WHY -- WHY DO YOU NEED THE FORMER TO DO
17 THE LATTER?  WHY DO YOU NEED THAT THEY WERE DOING A GENERAL
18 EXAMINATION OF THE FIELD TO SHOW THEY WERE RECKLESS AND NOT
19 DOING AN ANALYSIS, A CLAIM ANALYSIS, OF THE PRODUCT THEY
20 WERE -- IT'S -- I DON'T UNDERSTAND THAT.
21         **MR. SZPAJDA:**  THANK YOU, YOUR HONOR.  I THINK THE
22 ANSWER IS THERE IS, BECAUSE IT'S A SUBJECTIVE TEST, IT'S A
23 SUBJECTIVE INTENT, AND WE'RE LOOKING AT THE TOTALITY OF THE
24 CIRCUMSTANCES.  UNDER THOSE CIRCUMSTANCES, EVERY FACT IS
25 RELEVANT, AND IT'S NOT PRIVILEGED.  THERE'S NO PRIVILEGE --

```
 1                (SIMULTANEOUS COLLOQUY.)
 2                THE COURT:  (INDISCERNIBLE) ABOUT PRIVILEGE.  WE'RE
 3    NOT GETTING INTO PRIVILEGE YET BECAUSE YOU HAVEN'T DONE THE
 4    BASIC SHOWING.  EVERY FACT IS NOT RELEVANT.  TOTALITY OF THE
 5    CIRCUMSTANCES IS A WAY THAT JUDGES SAY, WELL, I'LL TAKE INTO
 6    ACCOUNT WHATEVER I THINK I OUGHT TO TAKE INTO ACCOUNT.  IT
 7    DOESN'T MEAN THAT EVERY FACT IS RELEVANT.
 8                YOU KNOW, IF THE CEO OF SPIDERCLOUD WENT TO A BAR
 9    MITZVAH ON THAT DAY, THAT'S NOT RELEVANT.  SO I'M NOT
10    INTERESTED IN THAT SORT OF THING.  I'M ASKING A VERY SPECIFIC
11    THING.
12                MR. SZPAJDA:  I'M SORRY, YOUR HONOR.
13                THE COURT:  GO AHEAD.
14                MR. SZPAJDA:  THE OTHER REASON IT'S RELEVANT IS THEY
15    ACTUALLY MOVED TO DISMISS THE WILLFULNESS ALLEGATIONS, WHICH IS
16    REALLY THE ONLY ARGUMENT THEY MAKE ON THE RELEVANCE POINT.
17    THEY'RE SAYING DALI LACKS SO MANY FACTS -- LACKS FACTS, AND,
18    THEREFORE, WE GET TO DISMISS THIS ON RULE 12(C), EVEN THOUGH
19    WE'RE CURRENTLY MONTHS PAST THE CLOSE OF DISCOVERY AND WE HAVE
20    MOUNTAINS OF EVIDENCE THAT THEY WERE RECKLESS.
21                SO EVERY FACT IS GOING TO MATTER WHEN WE MARSHAL OUR
22    EVIDENCE HERE TO SHOW THE COURT WHY IT SHOULD NOT DISMISS.
23                THE COURT:  THAT SOUNDS LIKE A MAN WHO IS DESPERATE.
24                OKAY.  MOTION IS DENIED AS TO ALL OF THESE -- THE
25    MOTION TO COMPEL CORNING IS DENIED.
```

1      SO LET'S NOT GO THROUGH THIS AGAIN.  AND DON'T -- YOU
2  KNOW, CORNING WON THIS ROUND, BUT DON'T TAKE THAT TO HEART.  IF
3  I FOUND YOU TAKING WHAT I THINK IS AN UNREASONABLE POSITION, I
4  WOULD FIND IT UNREASONABLE.
5      SO THIS ONE, THERE WERE COMPROMISES THAT SHOULD HAVE
6  BEEN REACHED.  I THINK IT WAS INAPPROPRIATE FOR YOU NOT TO
7  COMPROMISE ON THIS ONE.
8      PRESSED TO THE WALL AND HAVING TO RULE ON IT, I'LL
9  RULE ON IT, BUT I WILL HOLD IT AGAINST YOU THAT YOU DIDN'T
10 COMPROMISE.  THERE'S NO QUESTION.
11      I THINK ABOUT THIS, AND I THINK THEY COMPROMISED THIS
12 WAY, OR THEY SHOULD HAVE COMPROMISED THIS WAY, THESE PEOPLE ARE
13 UNREASONABLE, OR THEIR CLIENTS ARE UNREASONABLE, ONE OF THE
14 TWO.  IT MAY BE THAT YOU ARE VERY REASONABLE AND YOUR CLIENTS
15 AREN'T REASONABLE.  SOMETIMES IT'S THE CASE.  BUT -- SO I JUST
16 CAUTION YOU.
17      OKAY.  MOTION IS DENIED.  THANK YOU, VERY MUCH.
18      **MR. SZPAJDA:**  THANK YOU, YOUR HONOR.
19      **MR. NEWTON:**  THANK YOU, YOUR HONOR.
20      **MS. MIKULKA:**  THANK YOU, YOUR HONOR.
21      (PROCEEDINGS ADJOURNED AT 2:45 P.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ jmcolumbini*

JOAN MARIE COLUMBINI

MARCH 11, 2022