Michael J. Newton (State Bar No. 156225)
Katherine G. Rubschlager (State Bar No. 328100)
**ALSTON & BIRD LLP**
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:      (650) 838-2000
Facsimile:      (650) 838-2001
mike.newton@alston.com
katerine.rubschlager@alston.com

Yuri Mikulka (State Bar No. 185926)
Caleb J. Bean (State Bar No. 299751)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100
yuri.mikulka@alston.com
caleb.bean@alston.com

*Attorneys for Defendant*
*Corning Optical Communications LLC*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Dali Wireless, Inc.,<br><br>             Plaintiff,<br><br>        v.<br><br>Corning Optical Communications LLC,<br><br>             Defendant. | Case No. 3:20-cv-06469-EMC<br><br>**CORNING OPTICAL COMMUNICATIONS LLC'S NOTICE OF COMBINED MOTION TO STRIKE AND MOTION TO DISMISS DALI'S WILLFUL INFRINGEMENT ALLEGATIONS**<br><br>Date: July 28th, 2022<br>Time: 1:30 PM<br>Courtroom: Courtroom 5 – 17th Floor |

## NOTICE OF CORNING OPTICAL COMMUNICATIONS LLC'S COMBINED MOTION TO STRIKE AND MOTION TO DISMISS DALI'S WILLFUL INFRINGEMENT ALLEGATIONS

**PLEASE TAKE NOTICE** that on July 28th, 2022, or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, Defendant Corning Optical Communications LLC ("Corning" or "Defendant") by its attorneys Alston & Bird LLP, will move and hereby does move, pursuant to Federal Rule of Civil Procedure 12(c) for an order striking portions of Plaintiff Dali Wireless, Inc's ("Dali" or "Plaintiff") Third Amended Complaint and for an order dismissing Dali's willful infringement allegations for failure to state a claim..

Defendant's Combined Motion to Strike and Motion to Dismiss Dali's Willful Infringement Allegations is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities filed concurrently herewith, as well as the papers, pleadings, and other documents on file in this action, matters properly subject to judicial notice, and such other and further oral or documentary evidence as may be presented at or before the hearing.

DATED: June 21, 2022

**ALSTON & BIRD LLP**

*/s/ Michael J. Newton*

Michael J. Newton (State Bar No. 185926)
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:     (650) 838-2000
Facsimile:     (650) 838-2000
mike.newton@alston.com

## TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ........................................................................................................ 1

II.    FACTUAL BACKGROUND ON DALI'S WILLFULNESS ALLEGATIONS .................... 1

    A.     The First and Second Amended Complaints ............................................................ 1

    B.     The Third Amended Complaint ............................................................................ 2

III.   LEGAL STANDARDS .................................................................................................. 4

    A.     Motion to Strike ................................................................................................ 4

    B.     Motion to Dismiss ............................................................................................. 4

    C.     Pleading Willfulness .......................................................................................... 5

IV.    DALI'S TAC IS REPLETE WITH ALLEGATIONS THAT SHOULD BE
       STRICKEN ...................................................................................................... 6

    A.     Paragraphs 117-198 .......................................................................................... 6

    B.     Paragraphs 32-49, 52-63, 64-70, and 109-116 ...................................................... 6

    C.     Paragraph 269 .................................................................................................. 7

V.     DALI'S WILLFULNESS PLEADING IS INADEQUATE ................................................ 7

    A.     Dali's Pre-Filing Willfulness Allegations Regarding the '261 and '454 Patents
          Fail ................................................................................................................ 8

    B.     Dali's Pre-Filing Willfulness Allegations Regarding the '358 Patent Fail .................... 9

          (1)     Dali's TAC Misrepresents the Facts and Ignores the Actual Facts Dali
               Obtained Through Discovery .............................................................. 9

          (2)     Dali's TAC Fails To Satisfy the Court's Pleading Requirements ................. 10

    C.     Dali's Post-Suit Willfulness Allegations Are Conclusory and Insufficient................. 13

VI.    DALI IS OUT OF CHANCES TO GET IT RIGHT ........................................................ 14

VII.   CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

CASES

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)...........................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................4, 5

*Balistreri v. Pacifica Police Dep't.*,
   901 F.2d 696 (9th Cir. 1988) ............................................................................................4

*Bayer HealthCare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021).......................................................................................5, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................4

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996) ..............................................................................................5

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ..............................................................................................5

*CommScope Techs. LLC v. Dali Wireless, Inc.*,
   Case No. 3?16-cv-0477-M (N.D. Tex.), Dkt. No. 486 .....................................................12

*Dali Wireless, Inc. v. Cellco Partnership d/b/a Verizon Wireless, et al.*,
   Case No. 6:22-cv-00104-ADA (W.D. Tex.), Dkt. No. 1 ....................................................12

*Dali Wireless, Inc. v. Corning Inc., et al.*,
   Case No. 6:20-cv-01108 (W.D. Tex. 2020)..................................................................7, 12

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).........................4

*Finjan, Inc. v. Cisco Sys.*,
   2018 U.S. Dist. LEXIS 239284 (N.D. Cal. Feb. 6, 2018) ...............................................5, 6, 14

*Finjan, Inc. v. Cisco Systems, Inc.*,
   2017 U.S. Dist. LEXIS 87657 (N.D. Cal. June 7, 2017) ..........................................................6

*Fluidigm Corpo. v. Ion path, Inc.*, 2020 U.S. Dist. LEXIS 12154, at *9 (N.D. Cal. Jan. 24,
   2020) .................................................................................................................................8

*Fortinet, Inc. v. Forescout Technologies, Inc.*,
   2020 U.S. Dist. LEXIS 204580 (N.D. Cal. Nov. 2, 2020).......................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ............................................................................................10, 11

*Google LLC v. Princeps Interface Techs.*,
   2020 U.S. Dist. LEXIS 52753 (N.D. Cal. Mar. 26, 2020) ........................................5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ......................................................................................5, 10, 13

*Harris v. Cnty. of Orange*,
   682 F.3d 1126 (9th Cir. 2012) .................................................................................12

*Johnson v. PNC Mortg.*,
   2011 U.S. Dist. LEXIS 114809 (N.D. Cal. Oct. 5, 2011) ........................................13

*Longitude Licensing v. Apple Inc.*,
   2015 U.S. Dist. LEXIS 32066 (N.D. Cal. Mar. 13, 2015) .........................................6

*MasterObjects, Inc. v. Amazon.com, Inc.*,
   2021 U.S. Dist. LEXIS 194462 (N.D. Cal. Oct. 7, 2021) ......................................5, 8

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ...................................................................................4

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) .................................................................................12

*Sealant Sys. Int'l., Inc. v. TEK Global*,
   2012 U.S. Dist. LEXIS 752 (N.D. Cal. Jan. 4, 2012) ...............................................6

*Sheahan v. State Farm Gen. Ins. Co.*,
   442 F. Supp. 3d 1178 (N.D. Cal. Mar. 4, 2020) (Chen, J.).....................................14

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) ...................................................................................4

*Software Research, Inc. v. Dynatrace LLC*,
   316 F. Supp. 3d 1112 (N.D. Cal. 2018) ....................................................................5

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ...................................................................................5

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019)................................................................................5

*TeraRecon, Inc. v. Fovia, Inc.*,
   2006 U.S. Dist. LEXIS 71118 (N.D. Cal. Sept. 20, 2006) .....................................14

*Vasudean Software, Inc. v. Tibco Software, Inc.*,
   2012 U.S. Dist. LEXIS 69952 (N.D. Cal. May 17, 2012) .......................................11

- iii -

*Wang v. OCZ Technology Group, Inc.*,
    276 F.R.D. 618 (N.D. Cal. 2011)................................................................................4

*Whittlestone, Inc. v. Handi–Craft Co.*,
    618 F.3d 970 (9th Cir.2010) .....................................................................................4

**RULES**

FED. R. CIV. P. Rule 12(f) .............................................................................................4, 6

Federal Rule of Civil Procedure 12(b)(6) ......................................................................4

Federal Rule of Civil Procedure 12(c) ...........................................................................1

Rule 11 ............................................................................................................................2

## I.     INTRODUCTION

This Court has twice granted Corning's[1] motions for judgment on the pleadings of no willfulness. In each instance, the Court determined that Dali's[2] willfulness theories were speculative, insufficient, and in some instances, belied by its own conduct. On May 5, 2022, the Court dismissed Dali's Second Amended Complaint ("SAC") but gave Dali leave to replead its willfulness allegations. On June 6, 2022, Dali filed its Third Amended Complaint ("TAC"). Dali's willfulness pleading in its TAC is a mixture of irrelevant accusations, contempt for the Court's prior rulings, and conjecture.

Discovery in this case is closed. Dali received chance after chance to "get it right," but failed time and time again. As with the allegations in its FAC and SAC, which this Court properly dismissed, Dali's TAC at most establishes that Corning had knowledge of the patents, but fails to establish that Corning knew of or was willfully blind to an obvious risk of infringement. That is not sufficient to state a claim for willfulness. Dali's TAC demonstrates a disregard for the facts, the law, and this Court's rulings. Dali's willfulness allegations should be dismissed and/or stricken, and Dali should not be given another chance to set forth more baseless allegations at Corning and its employees.

## II.     FACTUAL BACKGROUND ON DALI'S WILLFULNESS ALLEGATIONS

### A.     The First and Second Amended Complaints

Dali's First Amended Complaint ("FAC") alleged that from 2010 to 2014, Dali and Corning engaged in discussions in the hopes of forming a strategic partnership and later potential acquisition. Dkt. 7, FAC ¶¶ 34-36. Dali's FAC also alleged that during these discussions, Corning examined Dali's patent portfolio and technology. FAC at ¶ 34. For example, Dali alleged that from May through July of 2012, Corning's intellectual property counsel conducted due diligence on Dali and that in in July 2014, Corning conducted acquisition diligence that included studying Dali's patents. FAC ¶¶ 36-37. Dali alleged that Corning's infringement has been willful because Corning examined Dali's portfolio and technology but did nothing to avoid infringement. FAC at ¶ 34.

On July 15, 2021, Corning filed a motion for judgment on the pleadings of no willfulness pursuant to Federal Rule of Civil Procedure 12(c) (Corning's "Original Motion"). Dkt. No. 84. In its

---

[1] Corning Optical Communications LLC ("Corning").

[2] Dali Wireless, Inc. ("Dali").

Original Motion, Corning argued that Dali failed to plead adequate pre-suit knowledge of the patents-in-suit and that Dali failed to plead egregious conduct by Corning. *Id.* On August 19, 2021, the Court held a hearing on Corning's motion. Dkt. No. 96. The Court dismissed Dali's willfulness pleading with leave to amend, and cautioned Dali that "[w]hen you allege willful [infringement], it seems to me that it is a heavy allegation." 8/19/21 Hrg. Tr. at 7:1-21. The Court also cautioned Dali that, in amending its willfulness pleading, "[t]here is going to have to be a fair amount of specificity consistent with Rule 11 to get around the problematic issues that have been raised by the defense." *Id.* at 17:20-21.

On September 20, 2021, Dali filed its SAC in which it attempted to replead willfulness. In its SAC, Dali alleged "actual notice of the patents-in-suit prior to the filing of the FAC," but did not "allege with any particularity how Corning learned of these patents." 5/5/22 Order, Dkt. No. 148, at 2. Instead, Dali's allegations were "not specific" to the patents-in-suit. *Id.* at 3. The Court rejected Dali's theory that Corning's prior encounters with Dali sufficiently pled knowledge of infringement. *Id.* at 5-6. The Court also considered Dali's theories regarding whether Corning's conduct was "egregious," and observed that Dali's theory was predicated on a theory "***expressly overruled by the Federal Circuit***." *Id.* at 6-7[3]. Finally, the Court noted that Dali's theory that Corning's prior encounters with Dali led to a conclusion of egregious conduct lacked "any facts…that suggests that Corning conducted IP due diligence which include the three patents at issue" and that "[n]o other allegations establish an obvious risk of infringement." *Id.* at 9-10. The Court thus dismissed Dali's willfulness allegations for the second time, but granted leave to amend based on Dali's argument that one of Corning's in-house attorneys—Mr. Keith Montgomery—was "willfully blind" to an obvious risk of infringement. Dkt. No. 148 at 11.

## B.     The Third Amended Complaint

Dali filed its TAC on June 6, 2022, one month after the close of fact discovery. *Compare* Dkt. No. 147 *with* Dkt. No. 151. Whereas the SAC contained 40 paragraphs (insufficiently) alleging willfulness (Dkt. No. 109, ¶¶35-75), Dali's TAC now contains ***249 paragraphs (still insufficiently) alleging willfulness***. Dkt. No. 151, ¶¶ 21-270. Dali's TAC is the epitome of a pleading full of sound

---

[3] All emphasis added unless otherwise noted.

and fury but lacking substance.

Dali's willfulness allegations can be broken down as follows:

| ALLEGATIONS OSTENSIBLY DIRECTED TOWARD "NOTICE" | |
|---|---|
| **Paragraph(s)** | **Contents** |
| 21-26 | Generic allegations of willful infringement lacking specific allegations of either knowledge or infringement other than those twice rejected by the Court. |
| 27-31 | Allegations that Corning had knowledge of the patents—but not knowledge of infringement—prior to the filing of the FAC. |
| 32-49 | Allegations regarding Corning's prior encounters with Dali that occurred before any of the patents-in-suit existed and that this Court twice rejected as being irrelevant and insufficient to plead willfulness. |
| 50 | An allegation contravened by the sworn testimony of Dali's CEO and corporate representative who testified that "Corning never gave a concrete number." |
| 52-63 | Allegations regarding Corning's prior encounters with Dali that occurred before any of the patents-in-suit existed. |
| 64-70 | Allegations regarding Dali's failed business projects and a litigation against CommScope that resulted in a finding that Dali willfully infringed numerous CommScope patents. |
| 71 | Irrelevant conjecture. |
| 72-76 | Conjecture mixed with allegations this Court previously rejected as based on a theory "expressly overruled by the Federal Circuit." |

Despite fact discovery concluding a month before the filing of the TAC, there is not a single factual allegation in paragraphs 21-76 that supports knowledge of infringement.

Dali's allegations regarding egregiousness are as follows:

| ALLEGATIONS OSTENSIBLY DIRECTED TOWARD "EGREGIOUS CONDUCT" | |
|---|---|
| **Paragraph(s)** | **Contents** |
| 77-78 | Legal citations and conclusory allegations. |
| 79-88 | Allegations that Mr. Montgomery did not adequately investigate the '358 patent when he learned of its existence in 2016. Dali conveniently omits the fact that Corning did not own the accused SpiderCloud business until 2017. |
| 89-100 | Allegations attempting to establish that "small cells" are the same thing as DASs by pointing to Corning patent applications. |
| 101-108 | Conclusory allegations and confusing allegations unrelated to egregious conduct. |
| 109-116 | Allegations regarding Corning's prior encounters with Dali that occurred before any of the patents-in-suit existed and that this Court twice rejected as being irrelevant and insufficient to plead willfulness. |
| 117-198 | 81 paragraphs attempting to demonstrate that Corning's patent applications cite to Dali's patents. None of these paragraphs demonstrate pre-suit knowledge of any of the patents-in-suit. |
| 199-213 | Allegations that 2016 knowledge of the '358 patent is "contemporaneous" with |

- 3 -

| | Corning's 2017 acquisition of SpiderCloud. |
| --- | --- |
| 214-220 | Allegations regarding pre-suit knowledge of the '261 and '454 patents that the Court already rejected. |
| 221-268 | Entirely new allegations regarding post-suit willfulness. |
| 269 | A demonstrably false statement regarding a case containing a single patent that ***Dali sought to stay*** after the PTAB instituted an IPR and the District Court rejected Dali's attempts to plead willful infringement. |

## III.   LEGAL STANDARDS

### A.   Motion to Strike

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. Rule 12(f). "The essential function of a Rule12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Wang v. OCZ Technology Group, Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. 2011) (quoting *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010)); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is "impertinent" if it "do[es] not pertain and [is] not necessary, to the issues in question." *Id.*

### B.   Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 556 U.S. at 678; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

## C.      Pleading Willfulness

Since *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016), courts in this District require willful infringement claims to show ***both*** "knowledge of the . . . [p]atents" and "egregious conduct" in order to survive a motion to dismiss. *See, e.g.*, *Fortinet, Inc. v. Forescout Technologies, Inc.*, 2020 U.S. Dist. LEXIS 204580, *42-45 (N.D. Cal. Nov. 2, 2020); *Google LLC v. Princeps Interface Techs.*, 2020 U.S. Dist. LEXIS 52753, *5-10 (N.D. Cal. Mar. 26, 2020); *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112 (N.D. Cal. 2018). The Federal Circuit recently reinforced this principle, stating unequivocally that "[k]nowledge of the asserted patent and evidence of infringement is necessary, but ***not sufficient***, for a finding of willfulness. Rather, ***willfulness requires deliberate or intentional infringement***." *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Stated differently, "a claim for enhanced damages for willful infringement is not adequately stated when all that is alleged is knowledge of the patent and direct infringement." *MasterObjects, Inc. v. Amazon.com, Inc.,* 2021 U.S. Dist. LEXIS 194462, *4, (N.D. Cal. Oct. 7, 2021) (citing *Bayer*, 989 F.3d 964 at 987-88; *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1308-10 (Fed. Cir. 2019); and *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017)).

A claim of willfulness must include allegations pled through specific facts. *Finjan, Inc. v. Cisco Sys.*, 2018 U.S. Dist. LEXIS 239284, *13-14 (N.D. Cal. Feb. 6, 2018). As noted by Judge Freeman, "[a] court may not award 'enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*.' *See Halo*, 579 U.S. at 110 (Breyer, J., concurring) (emphasis in original).  [A] complaint must contain some allegations which make it plausible that the

accused infringer's behavior was egregious and that allegations of knowledge of the patents-in-suit alone are insufficient." *Finjan,* 2018 U.S. Dist. LEXIS 239284 at *15-16.

## IV. DALI'S TAC IS REPLETE WITH ALLEGATIONS THAT SHOULD BE STRICKEN

As though it could make up for a lack of substance through sheer volume, Dali's TAC contains paragraph after paragraph of irrelevant "filler" that has nothing to do with its allegations of pre-suit willfulness. These paragraphs—enumerated below—should be stricken pursuant to FED. R. CIV. P. Rule 12(f).

### A. Paragraphs 117-198

These portions of Dali's TAC attempt to allege that, because Mr. Montgomery oversees a patent prosecution docket, he "frequently cited Dali's patents in Corning's own patents." TAC, ¶ 117. ***This is legally irrelevant***. This Court already rejected the notion that familiarity with a portfolio equates to knowledge of infringement sufficient to state a claim for willful infringement. Dkt. No. 148 at 5-6, *see also Finjan, Inc. v. Cisco Systems, Inc.*, 2017 U.S. Dist. LEXIS 87657, at *11-16 (N.D. Cal. June 7, 2017); *Longitude Licensing v. Apple Inc.*, 2015 U.S. Dist. LEXIS 32066, at *6-9 (N.D. Cal. Mar. 13, 2015); *Sealant Sys. Int'l., Inc. v. TEK Global*, 2012 U.S. Dist. LEXIS 752, at *10-12 (N.D. Cal. Jan. 4, 2012). Moreover, this Court ***expressly told Dali that this argument lacks merit***; in the Order dismissing the SAC, the Court rejected Dali's allegations based on Corning's alleged knowledge of Dali's portfolio. Dkt. No. 148 at 5-6. Dali—apparently disdainful of this Court's prior rulings—doubles down on factual allegations deemed irrelevant by injecting 81 paragraphs into the TAC, ***none of which relate to pre-suit knowledge of the patents-in-suit***. These allegations should be stricken.

### B. Paragraphs 32-49, 52-63, 64-70, and 109-116

These portions of Dali's TAC generally relate to interactions between Dali and Corning that took place before the patents-in-suit existed. This Court already ruled that these allegations are irrelevant. *See* Dkt. No. 148 at 2; 8/19/21 Hrg. Tr. at 7:9-24. Once again, however, Dali seeks to inject Dali and Corning's prior business encounters into the case to improperly suggest that Corning did something wrong. Dali's likely end game in this regard is to insinuate that Corning's business

- 6 -

meetings were a ruse to obtain information from Dali, an allegation that lacks any basis in fact. Corning should not have to respond to irrelevant, immaterial, and impertinent allegations presented for an improper purpose. These paragraphs should be stricken.

**C.    Paragraph 269**

Paragraph 269 of Dali's TAC states that "Corning's ONE system also infringed Dali's patents, as demonstrated by *Dali Wireless, Inc. v. Corning Inc.* [sic] *et al.* [sic] Case No. 6:20-cv-01108 (W.D. Tex. 2020)." This is demonstrably false.

Because it is an undisputed matter of public record, the Court can take judicial notice of the fact that the -1108 case involved a single patent:  U.S. Patent No. 9,826,508 ("the '508 patent").[4] Dkt. No. 1 in *Dali Wireless, Inc. v. Corning Inc., et al.*, Case No. 6:20-cv-01108 (W.D. Tex. 2020). The PTAB instituted an *Inter Partes Review* of the '508 patent on October 13, 2021, but at that time, Dali rejected Corning's suggestion that the -1108 case be stayed in view of the pending IPR. It was not until February 2, 2022—***one day after the Court in the -1108 case denied Dali's attempt to plead willfulness***—that Dali reached out to Corning to seek a stay.[5]  ***There was no adjudication of infringement prior to the stay***. In fact, Dali lost every motion it brought in that case. *See* Dkt. Nos. 14, 52, and 59. That case remains stayed. For Dali to plead that the -1108 case "demonstrates" Corning's infringement is egregiously false. Paragraph 269 should be stricken.

**V.    DALI'S WILLFULNESS PLEADING IS INADEQUATE**

In dismissing the SAC, this Court gave Dali leave to amend because:

> According to Dali, it should have been obvious to Mr. Montgomery that Corning's product was infringing because of the narrowness of the patented field and technology. While the SAC does not support this contention and fails to establish willfulness for the reasons stated above,

---

[4] Although this is not a motion for an exceptional case finding or for sanctions, this Court should be aware that the history of the -1108 case in the Western District of Texas is a perfect example of Dali's litigation misconduct. The -1108 case was filed by Dali after it realized it ***lacked standing*** to assert the '508 patent in a prior Western District of Texas case: Case No. 6:20-cv-827. In the -827 case, Dali also asserted U.S. Patent No. 9,769,766 ("the '766 patent") against Corning. The '766 patent is the parent patent to the '261 patent asserted in this case. Once Dali realized that it would have to identify this case as a "related case," which would weigh in favor transferring the -827 case to this District, Dali asked Judge Albright for leave to drop the '766 patent. Amazingly, this was the ***second time*** Dali filed a case asserting the '766 patent, only to turn around and drop it. *See* Dkt. No. 1 in this Case.

[5] This is yet another instance of gamesmanship and litigation misconduct.

> the Court cannot say at this juncture that further amendments would be futile. It cannot say with certainty that the standard of obvious infringement cannot be stated.

Dkt. No. 148 at 11.  The Court's ruling was based on representations by Dali's counsel during the hearing regarding the technology of the '358 patent:

> I also wanted to address Your Honor's question about the 358 patent. It's directed to a technology called fractional frequency reuse, which is a very specific technology. It is referenced in the manuals to the small cell product here, the SpiderCloud product that is the accused product, and it is referenced by that same name. ***And it is a foundational fundamental aspect of how these products work.***
>
> And Mr. Montgomery, as an experienced technologist and patent prosecutor in his field, would have immediately recognized that, had he read the claim, he would have understood this is a narrow feature that is written directly into the spider cloud product.

3/31/22 Hrg. Tr. at 23:22-24:8. Thus, the Court gave Dali leave to replead in order to demonstrate that "the risk of infringement was either so known or so obvious it should have been known." *Id.* at 3:1-2.

Dali's TAC fails to meet the standard set forth by the Court. Moreover, Dali's representation that the technology of the '358 patent is "***foundational fundamental***" technology in this field is demonstrably false.

## A.   Dali's Pre-Filing Willfulness Allegations Regarding the '261 and '454 Patents Fail

The Federal Circuit made it clear that simple knowledge of the patent is "***not sufficient***…for a finding of willfulness." *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Instead, a party alleging willful infringement must present evidence of "deliberate or intentional infringement." *Id.* In this district, this standard has been described as requiring a complaint to plead facts alleging "knowledge of ***infringement***." *See, e.g., MasterObjects, Inc. v. Amazon.com, Inc.*, 2021 U.S. Dist. LEXIS 194462, *11 (N.D. Cal. Oct. 7, 2021); *see also Fluidigm Corpo. v. Ion path, Inc.*, 2020 U.S. Dist. LEXIS 12154, at *9 (N.D. Cal. Jan. 24, 2020). "Knowledge of infringement does not arise from knowledge of the asserted patent as a matter of course; it must be the subject of discrete, albeit related, allegations." *Id.* Dali's TAC falls woefully short of pleading this element sufficiently.

This Court already rejected allegations of pre-suit willfulness with respect to the '261 and

- 8 -

'454 patents based on lack of knowledge of infringement. Dkt. No. 148 at 5-6. **Nothing in Dali's TAC changes this**. Dali simply rejects the Court's prior rulings and repleads a rejected theory. The allegations of pre-suit willfulness for the '261 and '454 patents should be rejected for the same reasons this Court rejected them twice before.

### B.  Dali's Pre-Filing Willfulness Allegations Regarding the '358 Patent Fail

Stripped of the theories that this Court previously rejected, Dali's new theme in its third attempt to cobble together a willfulness case for the '358 patent is that it should have been obvious to Corning's in-house counsel that Corning's product was infringing because of the narrowness of the patented field and technology. Dali's theory relies on its conclusion that the "fractional frequency reuse" disclosed and claimed in the '358 patent is "**foundational fundamental**" to DAS systems. 3/31/22 Hrg. Tr. at 24:2-3. Dali's theory is demonstrably false, belied by its own admissions in this case, and inconsistent with its prior actions in this and other cases.

### (1)  Dali's TAC Misrepresents the Facts and Ignores the Actual Facts Dali Obtained Through Discovery

Before addressing Dali's fictional allegations in its willfulness pleading, the Court should appreciate the **actual facts** of what happened with respect to the '358 patent. This factual recitation is not intended to convert this motion into a motion for summary judgment, but is instead intended to demonstrate that the story Dali is telling the Court is false.

Dali's pleadings and representations to this Court in hearings have repeatedly suggested that Mr. Montgomery knew of the '358 patent in 2016 and was aware of it in 2017 when Corning purchased the accused SpiderCloud product. TAC at ¶ 200. Dali even insinuates that Mr. Montgomery's review of the '358 patent was in connection with "Corning's pre-acquisition review of SpiderCloud Wireless." *Id.*. Dali then suggests that "[u]pon becoming aware of the patents-in-suit," Mr. Montgomery made a determination that the SpiderCloud product did not infringe "based on a review of only their titles." TAC at ¶¶ 79, 82, 84, 85. Dali even goes so far as to suggest that Mr. Montgomery believes that patent titles define their scope by stating that "Mr. Montgomery testified that the 'titles of the patents…all say DAS, and that defines their scope.'" TAC at ¶ 84. This is not at all what happened.

As Mr. Montgomery—a seasoned patent attorney with decades of experience—testified, he first became aware of the '358 patent on October 14, 2016.  Rubschlager Decl,, Ex. 1, Montgomery Dep. Tr. at 181:17-20. He testified that the awareness was not in relation to any product-in-suit. *Id.* He also testified that the awareness of the '358 patent was not in connection with Corning's pre-acquisition diligence related to SpiderCloud, which occurred in 2017 and in which he was not involved. *Id.* at 174:12-17; TAC at ¶ 6. He testified that he did not recall how he came upon the '358 patent in 2016 because "it was five years ago, and it wasn't relevant to any Corning product." Rubschlager Decl., Ex. 1, Montgomery Dep. Tr. at 182:12-17. In fact, Mr. Montgomery was only able to conclude that he was aware of the '358 patent as of October 14, 2016 based on the metadata of a document. *Id.* at 183:16-19. Mr. Montgomery did not testify that he thinks that patent scope is defined by "titles," but instead indicated that he reads the titles of patents to evaluate a relevancy threshold—just like every other patent lawyer would—and that, "if it appeared relevant, I would read the claims."  *Id.* at 191:21-22. There is no evidence supporting an allegation that Mr. Montgomery considered, reviewed, or evaluated the '358 patent at any time prior to this suit.

Dali's entire willfulness case is based on a fictional series of events. However, as demonstrated herein, even taking Dali's fiction as truth for purposes of evaluating this motion, Dali's willfulness claims still fail.

### (2)    Dali's TAC Fails To Satisfy the Court's Pleading Requirements

Pleading "willful blindness" is not an end run around the Supreme Court's admonition that the type of conduct that rises to the level of willfulness is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 579 U.S. at 104. Negligence is insufficient to establish willful infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) ("We think these requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence."). And yet, that is precisely what Dali alleges. Its willfulness pleading is based on its theory that Mr. Montgomery's reliance on the title of a patent was "unreasonable" and that his conclusion that the '358 patent was directed toward DASs and not small cells was factually incorrect. ***This is, at most, an allegation of negligence***, ***not willful, wanton, malicious, bad-faith, or deliberate behavior characteristic of a pirate.*** This is insufficient

- 10 -

as a matter of law. *Id.*

This Court does not have to resolve whether Mr. Montgomery was right (he was) or whether a DAS is the same thing as a small cell (it is not) to conclude that Dali's TAC does not contain any *factual pleading* that rises to the level of "willful blindness" or "egregious conduct" that the Supreme Court set forth as the standard for willfulness. "To show willful blindness, as an alternative to actual knowledge, the patentee must plead facts demonstrating the defendant (1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact." *Vasudean Software, Inc. v. Tibco Software, Inc.*, 2012 U.S. Dist. LEXIS 69952, *18 (N.D. Cal. May 17, 2012) (citing *Global-Tech*, 563 U.S. at 769). *Nothing* in Dali's TAC constitutes a factual allegation that Mr. Montgomery had a "subjective belief" that there was a high probability that there was a risk of infringement or that he "took deliberate actions" to avoid learning about that risk. In fact, the *TAC pleads the opposite*: the TAC pleads that Mr. Montgomery believed the '358 patent was not relevant (TAC at ¶82) and that he did nothing (TAC at ¶81). Dali can disagree all it wants with Mr. Montgomery's conclusion or his decision not to do anything, but it does not matter: Dali pled itself out of relief based on the applicable legal standard.

In any event, Dali needs to argue that small cell and DAS products are the same things because the patents-in-suit relate to DAS products and the accused products are small cell products. It then needs the Court to believe the technology of the '358 patent is so important to DAS products that anybody looking at the '358 patent would appreciate the high risk that a small cell product (which again, Dali incorrectly argues is the same as a DAS product) infringes. But Dali's representations during the hearing and in the TAC that DAS and small cell are the same and that the fractional frequency reuse technology of the '358 patent is "*foundational fundamental*" to DAS are simply not true. [6]  3/31/22 Hrg. Tr. at 24:2-3.

Dali knows full well that DAS and small cell systems are different, as demonstrated by Dali's

---

[6] During the March 31, 2022 Hearing the Court asked, "How many other patents cover fractional frequency reuse." 3/31/22 Hrg. Tr. at 9-10. Counsel for Dali responded with "Your Honor, that is a great question." *Id.* at 11. The Court indicated that if this was "something only this patent covered" that would impact its analysis of the willful blindness issue. *Id.* at 15-23. *A search on Google Patents for "fractional frequency reuse" yields 8,644 global results and 2,227 U.S. results*.

own actions. Corning makes both small cell (SpiderCloud) and DAS (*e.g.*, Corning ONE and Everon 6000) systems, ***and only the small cell systems sold under the name SpiderCloud are accused in this case***. *See* TAC. If the technology at issue in the patents-in-suit is "***foundational fundamental***" to DAS products as Dali represented to the Court, then it is incomprehensible that Dali would not accuse Corning's actual DAS products of infringing these patents. In contrast, Dali accused Corning of infringing ***other patents*** through the sale of Corning's actual DAS products in ***other cases*** filed in the Western District of Texas. Specifically, Dali accused Corning's Everon 6000 DAS product in *Dali Wireless, Inc. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, Case No. 6:22-cv-00104-ADA (W.D. Tex.), Dkt. No. 1 at ¶¶ 4, 115-137, and Corning's ONE DAS product in *Dali Wireless, Inc. v. Corning, Inc., et al.*, Case No. 6:20-cv-01108-ADA (W.D. Tex.), Dkt. No. 1 at ¶2. This Court can take judicial notice of these cases and these facts.[7] Dali knows that there are differences between DAS products and small cell products, which is why it asserted some patents against Corning DAS systems in Texas and other patents against SpiderCloud small cell systems in this case. Any argument to the contrary by Dali is disingenuous and misleading.

Additionally, ***Dali*** makes and sells DAS products. *See CommScope Techs. LLC v. Dali Wireless, Inc.*, Case No. 3?16-cv-0477-M (N.D. Tex.), Dkt. No. 486 at 28-29 ("The evidence at trial showed that Dali and CommScope are direct competitors in the market for digital DAS products, and are the only two suppliers of digital DAS products that have received any form of approval for sales to major wireless service providers."). Yet Dali's interrogatory answers in this case indicate that its own DAS products ***do not practice the patents-in-suit***. *See* Rubschlager Decl., Ex. 2*,* Dali's Response to Interrogatory Nos. 9-12 ("Dali neither alleges that any Products practice the claims of the Asserted Patents nor has sold any Products practicing the claims of the Asserted Patents.").  Thus, Dali's assertion that the patents-in-suit are "***foundational fundamental***" to DAS and that anybody with knowledge of the patents would immediately know that a either a DAS or a small cell system ***has an***

---

[7] Corning requests that the Court take judicial notice of the referenced pleadings from this and other cases involving Dali, which are undisputed matters of public record. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

*extremely high likelihood of infringing* is completely and utterly inconsistent with Dali's own sworn statements in this case.[8] Dali cannot have it both ways: it cannot tell this Court that its technology is so fundamental that Corning was willfully blind, while at the same time admitting that even Dali— the purported "inventor" of this fractional frequency reuse technology—does not use it. Dali's statements—accepted as true—cannot be reconciled.

### C.     Dali's Post-Suit Willfulness Allegations Are Conclusory and Insufficient

Dali's last effort to disparage Corning comes in the form of an entirely new theory: that Corning committed post-suit willful infringement. As a threshold matter, Corning did not view the Court's leave to amend the SAC as an invitation for Dali to inject entirely new arguments into the case at this late stage. The Court gave Dali one more small window of opportunity to try and get its pre-suit willfulness pleadings right, and Dali is misusing it by adding in post-suit willfulness allegations.   Corning believes that, on that basis alone, Dali's post-suit allegations should be dismissed. *Johnson v. PNC Mortg.*, 2011 U.S. Dist. LEXIS 114809, fn. 1 (N.D. Cal. Oct. 5, 2011). But even if Dali did have leave of this scope, Dali's post-suit willfulness allegations are even weaker than its pre-suit willfulness allegations.

Dali's post-suit willfulness allegations can be summarized as follows: (a) Corning did not stop selling its products[9]; (b) Dali disagrees with Corning's conclusion that it does not infringe because the accused FFR functionality is defaulted off and was never turned on in any commercial deployment in the United States; (c) Corning's removal of the accused functionality was not sufficient; and (d) Corning is developing products that Dali is not accusing but which Dali thinks might infringe unspecified patents at some unspecified point in the future. Dali's theory is absurd. Dali cites to the testimony of a business person and a former sales executive in an attempt to make the record nearly incomprehensible, but the bottom line is this: at no point in the TAC's allegations on post-suit willfulness is there anything that rises to the level of egregious behavior. *See Halo*, 579

---

[8] As with setting the record straight with respect to Mr. Montgomery's actions, pointing out Dali's inconsistent positions is not intended to convert this motion to a motion for summary judgment. It is instead intended to alert the Court that the story Dali is telling is belied by the facts.  Even accepting Dali's allegations as true, they still do not establish a claim for willfulness.

[9] Nor did Dali ever seek a preliminary injunction.

COMBINED MOTION TO STRIKE AND TO DISMISS
CASE NO. 3:20-CV-06469-EMC

U.S. at 110 (Breyer, J., concurring); *Finjan,* 2018 U.S. Dist. LEXIS 239284 at *15-16. Under Dali's theory, there would be willful infringement in *every case* in which a defendant continues to sell accused products. In other words, a defendant would have to cease sales at the time of the complaint (essentially taking a consent injunction) or face willfulness allegations. This is not, and cannot be, the standard. Dali's post-suit willfulness allegations should be dismissed.

## VI.   DALI IS OUT OF CHANCES TO GET IT RIGHT

Dali has engaged in gamesmanship at every turn in the various cases it brought. It filed cases, swapped out patents, dismissed cases, added patents back in, brought cases where it lacked standing, and finally sued Corning's customers. Dali lost nearly every single contested motion filed across all the cases, and has been chided and cautioned by Judges around the country for its conduct and allegations. Its willfulness allegations have been stricken *three times* already in two different courts. Dali is a failed company. It has been adjudicated to willfully infringe others' patents, and is now pursuing a litigation strategy of harassing others in the industry to make up for its own mismanagement and failures. This Court has given Dali more than enough opportunities to get it right. Dali's claims should be dismissed with prejudice. *See Sheahan v. State Farm Gen. Ins. Co.*, 442 F. Supp. 3d 1178, 1191 (N.D. Cal. Mar. 4, 2020) (Chen, J.) (dismissing a third amended complaint with prejudice where the Plaintiff failed to replead in good faith); *TeraRecon, Inc. v. Fovia, Inc.*, 2006 U.S. Dist. LEXIS 71118, *8 (N.D. Cal. Sept. 20, 2006) ("The Court has already given Fovia a chance to replead this claim. Fovia did not. The Court dismisses the second amended counterclaim for intentional interference without leave to amend.").

## VII.   CONCLUSION

For the foregoing reasons, Corning respectfully requests that the Court strike portions of Dali's TAC and dismiss its willfulness allegations, without leave to amend.

**ALSTON & BIRD LLP**

Dated: June 21, 2022                    BY:   */s/ Michael J. Newton*
_____

Michael J. Newton (State Bar No. 156225)
Katherine G. Rubschlager (State Bar No. 328100)
1950 University Ave, Suite 430
East Palo Alto, CA 94303
Telephone:     (650) 838-2000
Facsimile:     (650) 838-2000
mike.newton@alston.com
katherine.rubschlager@alston.com

Ross Barton (*admitted pro hac vice*)
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone:     (704) 444-1000
Facsimile:     (704) 444-1111
ross.barton@alston.com

Yuri Mikulka (State Bar No. 185926)
Caleb J. Bean (State Bar No. 299751)
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100
yuri.mikulka@alston.com
caleb.bean@alston.com

*Attorneys for Defendant*
*Corning Optical Communications LLC*

- 15 -