UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALI WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNING OPTICAL COMMUNICATIONS LLC, <br><br> Defendant. | Case No. 20-cv-06469-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR INDICATIVE RULING CONCERNING VACATUR** <br><br> Docket No. 283 |

Plaintiff Dali Wireless, Inc. ("Dali") filed suit against Defendant Corning Optical Communications LLC ("Corning") for patent infringement. Docket No. 154. The Court issued a claim construction order. Docket No. 85. After the Court granted summary judgment in favor of Corning, Dali appealed to the Federal Circuit. Docket No. 276. The parties then entered a settlement to resolve this case. As part of the settlement, the parties agreed that Dali could seek vacatur of the Court's July 18, 2021 Claim Construction Order, which may be pertinent to Dali's pending infringement suits against AT&T and CommScope in the Eastern District of Texas. Accordingly, Dali filed an Unopposed Motion for Indicative Ruling Concerning Vacatur. Docket Nos. 283, 284.

This Court may consider Dali's motion. Fed. R. Civ. P. 62.1(a)(3)("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."). Under Rule 60(b)(6), a district court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b)(6). In assessing a joint motion for vacatur of judgment pursuant to Rule

1  60(b)(6), district courts employ an "equitable balancing test," which considers various factors
2  including "the consequences and attendant hardships of dismissal or refusal to dismiss, the
3  competing values of finality of judgment and right to relitigation of unreviewed disputes, the
4  motives of the party whose voluntary action mooted the case, and the public policy against
5  allowing a losing party to buy an eraser for the public record." *Ayotte v. Am. Econ. Ins. Co.*, 578
6  F. App'x 657, 658–59 (9th Cir. 2014) (cleaned up) (citing *Am. Games, Inc. v. Trade Prod., Inc.*,
7  142 F.3d 1164, 1168, 1170 (9th Cir. 1998)).

8        Here, the balance of equitable factors favors denying the motion for vacatur.  The parties
9  provide no persuasive reason that they would face any hardship should the Claim Construction
10 Order not be vacated.  Although Dali cites the public interest in encouraging settlement of private
11 disputes, the preservation of judicial and party resources, and the potential preclusive effect of the
12 claim construction order, Mot. at 3–4, there is a strong counterveiling interest against permitting
13 parties to effectively "buy an eraser" of this Court's prior determinations for use in pending or
14 future litigation in other district courts. *Ayotte*, 578 F. App'x at 658–59.  "Judicial precedents are
15 presumptively correct and valuable to the legal community as a whole.  They are not merely the
16 property of private litigants and should stand unless a court concludes that the public interest
17 would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26
18 (1994).  Dali's desire to avoid the potential precursor effect of a ruling already litigated and
19 adjudicated has little equitable force.  As the Supreme Court opined in *U.S. Bancorp Mortg. Co.*:

> Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur.  The judgment is not unreviewable, but simply unreviewed by his own choice.  The denial of vacatur is merely one application of the principle that "[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963) (citing *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)).

26 513 U.S. at 25; *see also Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1221 (Fed.
27 Cir. 2001).  The same holds true here.  Dali lost below and voluntarily forfeited its equitable claim
28 to vacatur by settling.  It is immaterial that Corning also agreed to the settlement that caused the

United States District Court
Northern District of California

mootness.

As for the encouragement of settlements and preservation of resources, permitting post-facto vacatur via settlement may perversely create or disincentivize parties from settling *before* claim construction, a process that consumes numerous party and judicial resources. *See Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982) ("If the effect of post-judgment settlements were automatically to vacate the trial court's judgment, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.").

Dali's reliance on the Federal Circuit in *Karl Storz Imaging, Inc. v. Pointe Conception Med., Inc.* is misplaced. The Federal Circuit "t[ook] no position on the propriety or necessity of vacatur, leaving it to the district court to apply the principles enunciated in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)." 471 F. App'x 904, 2012 WL 2884704 at *1 (Fed. Cir. 2012).

Thus, Dali's Motion for Indicative Ruling Concerning Vacatur is **DENIED**. This Court does not intend to vacate its claim construction order.

This order disposes of Docket No. 283.

**IT IS SO ORDERED**.

Dated: February 6, 2023

_____
EDWARD M. CHEN
United States District Judge